PER CURIAM.
These appeals have resulted from contested Dade County personal property tax assessments against McArthur Jersey Farm Dairy, Inc. (“Taxpayer”) for the years 1967 and 1968.
In the challenge to the 1967 assessment (case No. 70-35), the circuit court denied certiorari, which Taxpayer had brought under § 200.06, Fla.Stat.1967, F.S.A. (since repealed by Laws of Florida, c. 69-101, § 20, as repetitive of present § 193.011, Fla. Stat.1969, F.S.A.) The circuit court denied certiorari thereby refusing to upset the decision of the Dade County Board of Equalization that no established market for machinery and equipment existed. The court reached its decision despite uncon-tradicted expert testimony before the Board that there was a used dairy equipment and machinery market. Taxpayer contested assessments for machinery and equipment and for inventory. Taxpayer appeals the adverse decision; we reverse with directions. See also Dade County v. McArthur Jersey Farm Dairy, Inc., Fla.App.1968, 214 So.2d 362.
In the challenge to the 1968 assessment (case No. 70-38), the circuit judge rendered his final judgment in Equity in the Taxpayer’s suit for refund of ad valorem personal property taxes paid under protest. The trial court accepted the uncontested portion of the assessment of $44,721.00, and reduced the assessor’s figure of $621,189.00 for machinery and equipment to $289,000.00. The “Taxing Authority” (as we shall refer to Dade County, County Manager, Tax *846 Assessor, Tax Collector, and Comptroller of the State of Florida) appeals this adverse final judgment; we affirm.
At issue in both cases is whether: (1) it was ever shown that a market actually existed for used dairy machinery and equipment;[1] and (2) whether competent evidence was submitted to prove the fair market value of the personalty in question. Thus, these two conflicting circuit court judgments from the Eleventh Judicial Circuit are before this court in procedufally different postures involving the same substantive issues. This court finds that the valuation methods for the categories of: (1) dairy equipment and machinery, and (2) dairy supplies, which were employed by the Taxing Authority for the instant 1967 and 1968 personal property tax assessments were improper. Taxpayer, after exhausting administrative remedies, contested each year’s assessment in a separate suit. The circuit judge in case No. 70-35 agreed with the Taxing Authority as to the 1967 assessment, although the circuit judge in case No. 70-38 agreed with the Taxpayer as to the 1968 assessment.
In the challenge to the 1967 assessment (case No. 70-35), only two expert witnesses testified before the Board. The first was Mr. Elroy Decker, who operates the Miller Machinery & Supply Company which is in the business of furnishing dairy equipment to the industry. He is president of the company and does business in Florida, Georgia and Alabama. He has been so engaged for forty-three years. Mr. Decker testified that the dairy equipment and machinery at issue in this tax contest is salable, i. e., that a market does exist for them. After extensive questioning by counsel, Mr. Decker gave his opinion that the value of the dairy machinery and equipment which was being appraised by the Taxing Authority was $263,441.00. The second expert witness was Mr. Fred Calhoun, who is employed as a dairy consultant in North Carolina. The nature of his duties is to advise a consulting company on accounting and engineering problems that arise in connection with the operation of dairy businesses. His position brings him in contact with transactions involving used dairy equipment. Calhoun has been engaged in this occupation for over twelve years. Essentially, he testified that although the market for used dairy equipment is “thin” it nevertheless exists and is evidenced by the existence of jobs like his own wherein he secures specified used dairy equipment for clients. Calhoun set a value of $224,-920.00 as his appraisal for the machinery and equipment at issue in this case.
In the challenge to the 1968 assessment (case No. 70-38), the same two experts testified; one, that the Taxing Authority’s assessment of $621,189.00 for machinery and equipment actually had a fair market value of $263,441.00, and the other that the same machinery and equipment had a fair market value of $289,756.00. Taxpayer also challenged the Taxing Authority’s assessment of certain supplies, principally milk cans, at $74,372.00, which Taxpayer’s expert testified had a fair market value of $49,-628.00.
In both cases the Taxing Authority contends that the original assessments which were arrived at by taking the original cost figures as reflected in Taxpayer’s books (as reported in income tax returns) less depreciation did not represent an abuse of discretion by the Taxing Authority. It further contends that the testimony of the two expert witnesses was not competent evidence upon which the chancellor could have based his final judgment, and that Taxpayer failed to demonstrate that a market even existed for this equipment. Thus, the Taxing Authority argues, the only reliable figures should have been those used by the Taxpayer in filing his federal income tax return (“book value”).
We have reviewed the arguments and records closely in both cases. We find in both cases, that, Jfirst, a viable market was demonstrated for used machinery and equipment of this nature, cf. Aeronautical *847 Communications Equip. Inc. v. Metropolitan Dade County, Fla.App.1969, 219 So.2d 101, 104 (where no market was found). The Florida Constitution of 1885 provided for a “just valuation” of all property for assessment purposes, Article XI, § 1, Constitution of the State of Florida, 1885, and § 200.06, Fla.Stat.1967, F.S.A. (since repealed by Laws of Florida, c. 69-101, § 20, as repetitive of present § 193.011, Fla.Stat.1969, F.S.A.) provided for assessment of tangible personal property at its “full cash value”. The concepts of: (1) the constitutional mandate of just valuation, (2) the statutory requirement of full cash value, and (3) the economic standard of fair market value are “legally synonymous,” Walter v. Schuler, Fla.1965, 176 So.2d 81, 85-86.
Secondly, we are also convinced that the chancellor in the challenge to the 1968 assessment (case No. 70-38) had before him testimony of competent expert witnesses and that his order reducing the original assessment to a figure of $289,000.00 was supported by the record.
Thus, we reverse the order denying certiorari which approved the 1967 assessment (case No. 70-35) and direct the circuit court to quash so much of the order of the Board of Equalization which had set the 1967 assessment in excess of $263,-441.00; and we affirm the order correcting the 1968 assessment (case No. 70-38).

. In the absence of an established market, book value may be properly utilized by the taxing authorities as a proper indicia of value. Aeronautical Communications Equip. Inc. v. Metropolitan Dade County, Fla.App.1969, 219 So.2d 101. The original assessment figures were arrived at by taking the original cost of the Personalty less depreciation of no more than 65%. In the 1968 assessment, the Taxing Authority allowed another year’s depreciation over the 1967 assessment figures.