347 So.2d 1024 (1977)
ITT COMMUNITY DEVELOPMENT CORPORATION, a Delaware Corporation, Appellant,
v.
John SEAY, Property Appraiser of Flagler County, Florida, Appellee.
No. 49028.
Supreme Court of Florida.
June 30, 1977.
*1025 Talbot D'Alemberte of Steel, Hector & Davis, Miami, for appellant.
Kate L. Walton of Walton & Townsend, Palatka, for appellee.
SUNDBERG, Justice.
This cause arrives at our Court following an order of the trial court holding, inter alia, Section 194.042, Florida Statutes (1975), unconstitutional. Pursuant to Article V, Section 3(b)(1), Florida Constitution, we execute our constitutional duties by entertaining this appeal.
Appellant, with its affiliated corporations, owns more than one hundred square miles of real estate in Flagler County. Following the notice of tax assessments for 1975, appellant instituted several attacks on the 1975 tax roll, contending that tax assessment notices, totaling many millions of dollars, reflected a "vast increase" over the previous year's assessment. In addition to the asserted increase, appellant protested the aggregation of its taxable property into massive parcels. One such parcel was assessed at $37,000,000. At a hearing before the Board of Tax Adjustment (now called Property Appraisal Adjustment Board) of Flagler County, appellant's counsel allegedly gained assurances from appellee, the Flagler County Property Appraiser, that the latter's office would assist appellant in breaking the property up into parcels with an assessed value of no more than $200,000 each so that ITT could employ "Pope's Law" to reduce the tax assessments.[1] Section *1026 194.042, Florida Statutes (1975), commonly referred to as Pope's law, purports to provide an alternative means for challenge of a contested assessment. Conceptually, Pope's law attempts to determine "just valuation," or "fair market value," the objective of assessment, by providing a procedure for offering the taxpayer's property for sale at a public auction. The property owner who contests the assessment through Pope's law is required to make a commitment to his difference of opinion by testing that opinion at the marketplace.
After the hearings before the Board had concluded, appellant filed notice of intention to use Pope's law and again requested that the property be broken down into smaller parcels, which request was denied. Appellant did not follow the second step in the procedure for using Pope's law, i.e., filing the certificate required by Section 194.042(1)(b), Florida Statutes (1975), but instead brought a mandamus action in circuit court within the statutory time period allotted for filing the certificate. The purpose of this action was to vindicate appellant's "right to more manageable notices" by requiring appellee to break ITT's holdings into parcels having a value of $200,000 or less; this accomplished, appellant could then utilize Pope's law to prove its claim that its assessments were excessive. Appellee's response to the petition for writ of mandamus took the position that "the responsibility for including land in certificates containing property, the assessed value of which is not in excess of $200,000, rests squarely upon the owner's shoulders." Appellee also raised affirmative defenses, including the defense that the certificates need not be limited to $200,000 unless they included more than one parcel of land. In response to appellee's position, appellant amended its pleadings to seek additional relief by way of declaratory judgment on the statute's construction.
In its final order, the trial court held that: (1) Section 194.042, Florida Statutes (1975), was unconstitutional; (2) appellant was "time-barred" from using Pope's law; and (3) the $200,000 limitation applied only where two or more parcels of property were included in a single certificate. Appellant now raises these three points in its appeal before this Court. Because we affirm the trial court's order declaring Section 194.042 unconstitutional, we are unobliged to ponder the merit of appellant's remaining contentions.
The trial court found Section 194.042, Florida Statutes (1975), unconstitutional on its face as providing a method of determining valuation for ad valorem taxation purposes which violates the "just valuation" criterion of Article VII, Section 4 of the Florida Constitution. That constitutional provision states:
By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation... .
While we admire the conceptual simplicity with which Pope's law attempts to determine value, we must affirm the conclusion reached by the court below that the statute is incapable of arriving at "just valuation" as mandated by our organic document.
This Court has stated that "just valuation" is legally synonymous with fair market value. District School Board of Lee County v. Askew, 278 So.2d 272 (Fla. 1973); Southern Bell Telephone & Telegraph Co. v. Dade County, Fla., 275 So.2d 4, conformed to 275 So.2d 566 (Fla. 3d DCA 1973); Walter v. Schuler, 176 So.2d 81 (Fla. 1965). See also McArthur Jersey Farm Dairy, Inc. v. Dade County, 240 So.2d 844 (Fla.3d DCA 1970). It follows that if fair market value cannot be accurately measured, "just valuation" cannot be determined. The formula for establishing fair market value has been *1027 stated repeatedly as the amount a purchaser willing but not obliged to buy will pay to one willing but not obliged to sell. Burns v. Butscher, 187 So.2d 594 (Fla. 1966); Walter v. Schuler, supra; Root v. Wood, 155 Fla. 613, 21 So.2d 133 (1945). We must determine then whether the "quasi-forced" sale mandated by Pope's law produces both a veritable "willing buyer" and "willing seller," as those terms have been traditionally employed, who negotiate the fair market value of property. We find that it does not.
Section 194.042(1)(k) provides the "property owner" with an alternative to selling his property if he does not fancy the price bid at the auction:
In the event the property owner fails to deliver to the [property appraiser] a good and sufficient warranty deed as provided in paragraph (i), within the time prescribed, the property owner shall forfeit the cash deposit or surety bond given to the [property appraiser] with the written authorization as provided herein and the [property appraiser] shall pay over one-half this amount to the buyer, together with a return of the amount paid in pursuant to the buyer's bid. This shall be full and complete compensation to the bidder and he shall have no other recourse against the property owner and the [property appraiser] arising out of any of the measures taken as provided in this section. The [property appraiser] shall retain the remainder of the forfeited cash deposit or surety bond; provided however, the property owner shall not forfeit the cash deposit or surety bond except for costs not otherwise paid where he is unable to deliver merchantable title acceptable to the buyer. In such event the just value shall be determined as otherwise provided by law.[2]
The efficacy of the property owner in reneging on the purchase influences both the prospective buyer and the prospective seller. Were the taxpayer compelled to relinquish his property, once the auctioneer lowered his hammer, he would be more disposed to value the property at a higher price than if, as here, he could renounce this sale and merely forfeit his deposit.[3] Concomitantly, a prospective buyer at a Pope's law auction perceiving the owner's power to terminate the agreement surely must react more phlegmatically in the bidding process than he would in negotiations with an ordinary seller. In essence, then, the public auction does not establish the fair market value of property. Rather, it ascertains how substantial a cash offer will be made for it when the buyer realizes that the sale remains contingent upon the owner's willingness to sell which may continue undeclared for at least 30 days after the auction. Sections 194.042(1)(e) and (i), Florida Statutes (1975).
Appellant relies on Walter v. Schuler, supra, for the proposition that "just valuation" is best determined by establishing fair market value. With this proposition we agree. However, we reject appellant's rationale that Section 194.042, Florida Statutes (1975), outlines suitable procedures for determining fair market value. The Schuler case itself states that fair market value cannot be gauged without a willing buyer and a willing seller.

*1028 ... "fair market value" and "just valuation" should be declared "legally synonymous" and that such is the best way to arrive at the definition of "X" [the correct assessment]. The former term is a familiar one and it, in turn, may be established by the classic formula that it is the amount a "purchaser willing but not obliged to buy, would pay to one willing but not obliged to sell." Root v. Wood, 155 Fla. 613, 21 So.2d 133. Id. at 85, 86.
Under Pope's law, there will never be a "willing buyer" or "willing seller" as those terms have been historically utilized in case law.
A second deficiency of the statute impeding the establishment of "just valuation" manifests itself any time a bid on the property is received at auction. In that event, the statute does not provide for use on the tax roll of any cash offer between the certificate amount and the value fixed by the appraiser on the tax roll. Even if a sale is consummated, there is no provision in the statute that the purchase price be put on the tax rolls thereafter as the fair market value of the property. We can only interpret this peculiar silence in the statute to mean that the value fixed by the appraiser remains on the tax roll even after completion of the sale. Only when the auction results in no cash offer is value established for tax purposes which is different from that assigned by the property appraiser. In that instance, Section 194.042(1)(l), Florida Statutes (1975), provides:
In the event that no bid is received at the auction, the amount set forth in the certificate shall be established as the just valuation of the property and shall be entered on the tax rolls of the county. If more than one parcel of land was included in the certificate the amount shall be applied to each parcel on a proportionate share basis.
Our discomfiture with Pope's law is predicated on one other impediment to the statute. The act attempts to determine value at a date remote from January 1 of the tax year in question, the date for valuation of all other taxpayers' property. Consequently, the taxpayer who employs Pope's law is treated differently from every other taxpayer. If no bid is received at auction, the property's value is established at that time or shortly thereafter.[4] Thus, Section 194.042, Florida Statutes, attempts to value property at least 10 months after the legal assessment valuation date of January 1 of the tax year.[5] We can find no compelling rationale for this disparate treatment. Democratic philosophy mandates that every taxpayer be treated consistently, and that everyone contribute his fair share, no more and no less, to the tax revenues. As this Court stated in Bancroft Investment Corp. v. City of Jacksonville, 157 Fla. 546, 27 So.2d 162 (1946):
... We approach it on the premise that this is a democracy in which every parcel of property is expected to bear its due portion of the burden of government, unless exempted by the legislature in the manner provided by Section 1, Article IX of the Constitution. Courts have no more important function than to direct the current of the law in harmony with sound democratic theory. Id. 27 So.2d at 170.
*1029 The democratic ideology contemplates consistency of treatment. Article VII, Section 4, Florida Constitution, reflects that contemplation. Hence, the statute in issue cannot satisfy the requirements of our organic document.
Appellant argues that disparity of treatment occurs only when the market is declining, in which case, a lower valuation would be placed on the property at the auction than at the initial assessment performed by the property appraiser. This hypothesis is without merit. The requirement of just valuation will not permit property either to be undervalued or overvalued as of the assessment date.
Our holding today obviates the need to consider appellant's additional points on appeal. It is noteworthy, however, that the third point raised, i.e.: whether the $200,000 statutory limitation applies only where two or more parcels of property are included in a single assessment, illustrates the statute's inherent unworkability and unfairness. If one analyzes the interpretation of the circuit court, that the $200,000 limitation applies only where the certificate refers to multiple parcels, he will realize that this construction could yield an unreasonable result, that is, a parcel valued at an exorbitant amount of money (here $37,000,000) could be contained in one certificate. In this situation, the taxpayer might be enticed to set an arbitrary value on his parcel, substantially less than full value, knowing that no purchaser will submit a bid exceeding his own appraisal. The possibilities are few indeed that a buyer blessed with such affluence will be prepared to make a cash offer at the auction.
To eliminate this possibility, appellant suggests the proper construction of the statute to be that in all instances real property must be divided into parcels equaling not more than $200,000 in value for utilization of Pope's law. This interpretation also begets an unreasonable result. It debars utilization of Section 194.042, Florida Statutes (1975), for any single improvement parcel in excess of $200,000. To illustrate, any high-rise office or residential building constructed on one parcel that exceeds $200,000 in value could not be divided by floor or other device to obtain $200,000 increments.
Conscious as we are of the inveterate maxim of statutory construction that statutes are to be construed whenever possible to avoid constitutional infirmities, State v. Gale Distributors, Inc., Case No. 49,297, filed March 24, 1977; State v. Beasley, 317 So.2d 750 (Fla. 1975); North Port Bank v. State Department of Revenue, 313 So.2d 683 (Fla. 1975); State v. Ecker, 311 So.2d 104 (Fla. 1975); State v. Dinsmore, 308 So.2d 32 (Fla. 1975); Sarasota County v. Barg, 302 So.2d 737 (Fla. 1974); Rich v. Ryals, 212 So.2d 641 (Fla. 1968); nevertheless we are constrained to strike down those acts of the legislature which violate our Constitution. Section 194.042 is such an act. Accordingly, we affirm the order of the trial court declaring Section 194.042, Florida Statutes (1975), unconstitutional as violative of Article VII, Section 4, Florida Constitution.
This decision shall be prospective from the date it becomes final and shall not affect in any way the title to any property previously sold or any valuation previously determined pursuant to Section 194.042, Florida Statutes (1975), or its predecessors.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and HATCHETT, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent.
The majority opinion declares Section 194.042, Florida Statutes, (Pope Law), to be unconstitutional because it provides a method for determining "just valuation," which is in conflict with Article VII, Section 4, Florida Constitution.
The Constitution requires the legislature to prescribe "general law regulations," which shall secure a just valuation of all property for ad valorem taxation.
*1030 When the owner elects to follow the procedure of the Pope Law, he then becomes a "willing seller," as the election is purely voluntary. No one is forced to buy, so we have to say that the buyer is a "willing buyer."
The eight factors prescribed in Section 193.011, Florida Statutes, in determining just value are artificial means which the legislature has designed to measure the price a potential buyer would be willing to pay for the property sought to be valued. These factors are always considered when a judgment to buy is made by any prospective purchaser.
In my opinion the statute is the most direct method of determining a fair market value and provides a more accurate method than the subjective opinion of the Department of Revenue (Section 193.114, Florida Statutes), the Board of Tax Adjustment (Section 194.015, Florida Statutes), or the courts in reviewing the propriety of an assessment (Section 194.171, Florida Statutes).
The mandate of the Florida Constitution is that just valuation must be reached under regulations provided by general law. There is no constitutional mandate that the tax assessor be the sole instrument through which this result is reached.
The statute is an innovation but, to me, it is a more accurate method to set the level of assessment.
NOTES
[1] § 194.042(1)(b), Fla. Stat. (1975), states:

"Within 10 days after filing the notice prescribed in paragraph (a) the owner shall deliver to the [property appraiser] the following:
1. A certificate executed by the property owner, stating the amount he ascertains to be a just valuation of his property, together with an accurate description of the property. A certificate may include more than one parcel of land so long as all parcels are contiguous and the amounts asserted as the just valuation are itemized for each parcel, providing, however, no such certificate shall contain property the assessed value of which is in excess of $200,000... ."
[2] § 194.042(1)(b)(2), Fla. Stat., requires the property owner to put up a deposit or surety bond as a prerequisite to challenging the value fixed by the property appraiser under Pope's law:

"Written authorization to the [property appraiser] requesting and empowering him to advertise and conduct a public auction for the purpose of receiving cash offers for the property in amounts of not less than the amount set forth in the certificate. This authorization shall be accompanied by a filing fee of $15 and a cash deposit or surety bond in the amount of 10 percent of the value of the property stated in the certificate."
[3] The traditional test for determining fair market value anticipates that the seller is not obliged to sell. The implication, however, is that this hypothetical seller is not compelled to negotiate a sale to begin with. Once he negotiates a sale and signs a contract for its consummation, he ordinarily is legally bound to perform. In contrast, the property owner who utilizes Pope's law is unobliged to sell even after the "quasi-forced" sale has been consummated. Such action by the hypothetical seller would entitle the hypothetical buyer to damages or specific performance.
[4] If a bid is received, valuation is not established even at that date, supra.
[5] The procedures outlined under § 194.042, Fla. Stat. (1975), are distinguishable from the other statutory devices which appellant suggests are alternatives to the appraiser establishing just valuation. These statutory devices include review of the tax rolls by the Department of Revenue (§ 193.114, Fla. Stat. (1975)), appeals to the Property Appraisal Adjustment Board for relief from assessment (§ 194.015, Fla. Stat. (1975)), and actions in the circuit court to review the propriety of assessments (§ 194.171, Fla. Stat. (1975)). Each of these statutory procedures or judicial proceedings treats all taxpayers alike because they assume the valuation of the property as of January 1 of the tax year in question. Under § 194.042, Fla. Stat. (1975)), there is no reversion to the first of the year for purposes of establishing just valuation.

We would also note the First District Court has recognized the possibility of fluctuation in the value of property. In Culbertson v. State Road Dept., 165 So.2d 255 (Fla. 1st DCA 1964), an eminent domain proceeding, that court held that an appraisal made four months before the date of taking was to remote to serve as a competent basis to determine value as of the date of taking.