**In re Juliet KILBY, Debtor.**

**Bankruptcy No. 88–0009–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 17, 1989.

Charles W. Grant, Trustee.

Juliet Kilby, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the debtor's motion for sanctions against Terri Ilgen, Jay Moore, Asa Higgs, Judge Louise Walker, Sergeant Billy Reid, Sergeant C. Romine, Officer J.H. Thomas, Officer W.L. Gutridge, Officer T.A. Diperna, and Officer W.A. Chappell for violation of 11 U.S.C. § 362(a). A hearing on the motion was held May 3, 1989, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On or about December 23, 1987, Juliet Kilby ("Debtor"), entered into a written lease agreement with Terri Ilgen and Jay Moore ("Landlords") concerning the rental of a single family residence located at 7371 Bent Creek Court, Jacksonville, Florida.

2. On January 5, 1988, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101, *et seq.* By Order entered March 23, 1989, the case was converted to Chapter 7, and Charles

W. Grant was appointed as trustee. No discharge has yet been entered in this case.

3. Debtor eventually defaulted under the terms of the lease with her landlords, and on January 10, 1989, Ms. Ilgen filed an action to evict tenant in the Circuit Court in and for Duval County, Florida. Case No. 89–192–CC, Div. J.

4. Notice of the bankruptcy filing was served upon Ms. Ilgen in the State Court action on January 20, 1989.

5. The testimony at the hearing indicates that, despite her knowledge of the bankruptcy filing, Ms. Ilgen repeatedly harassed the debtor and threatened the use of physical force to collect her debt. In addition, Ms. Ilgen repeatedly made harassing phone calls to debtor's place of employment, and on several occasions, entered the debtor's home without permission to probe through her belongings.

6. On December 30, 1988, Ms. Ilgen telephoned the debtor and informed her that she would be "visiting" the property later that day. That evening, the debtor and her family returned home to find their residence opened and vandalized.

7. On December 31, 1988, Ms. Ilgen and others returned to the premises, forced their way into the debtor's home and threatened debtor and her family with physical violence. The Duval County Sheriff's office was apprised of the situation but failed to respond. A physical altercation ensued and criminal charges against debtor's husband are now pending.

8. On February 2, 1989, the debtor was evicted from her home. The eviction was accomplished without prior relief from the automatic stay.

9. In the course of the eviction, debtor's household belongings were placed on the street and left without supervision. Consequently, $11,311.06 worth of items were stolen (Debtor's Exhibit 1).

10. Debtor's losses were a direct result of the wrongful eviction and violation of the automatic stay by Ms. Ilgen.

11. Service of debtor's Motion for Sanctions was accomplished in accordance with Bankruptcy Rule 7004(b)(1) by mailing a copy of the motion to each respondent at his/her dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

12. Notice of the hearing on debtor's motion for sanctions was served on each respondent at the address listed for service of process. Respondents failed to appear at the hearing or to otherwise contest the motion.

## CONCLUSIONS OF LAW

The filing of a petition for relief under the Bankruptcy Code operates as a stay, applicable to all entities, of—

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a)(3).

The automatic stay imposed by this statute is one of the fundamental protections provided by the bankruptcy laws. It is intended to protect the debtor from harassment from creditors and from further collection efforts so that an orderly liquidation or reorganization of the debtor's property may be accomplished. *See,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 174–175 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 49–50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835–5836, 6134–6136.

"Property of the estate" as contemplated by this section and by § 541 encompasses "[a]ny interest in property that the estate acquires after the commencement of the case" as well as property interests held as of the date of filing. A tenancy or bare possessory interest in property is a legal or equitable interest within the meaning of this statute. *In re Aponte,* 82 B.R. 738 (Bkrtcy.E.D.Pa.1988); *In re Whitt,* 79 B.R. 611 (Bkrtcy.E.D.Pa.1987). Therefore, the tenant-debtor is protected from an eviction action even if the action is based solely on post-petition events. *See, e.g., In re Clark,* 69 B.R. 885, 890–91, *modified,* 71 B.R. 747 (Bkrtcy.E.D.Pa.1987); *In re Sudler,* 71 B.R. 780, 786 n. 1 (Bkrtcy.E.D.Pa.1987); *In*

*re GSVC Restaurant Corp.*, 3 B.R. 491, 494 (Bkrtcy.S.D.N.Y.1980).

■ Respondent Terri Ilgen chose not to respect the automatic stay provisions of the Bankruptcy Code and instead sought to retake possession of her rental property by engaging in conduct prohibited under both state and federal law. This conduct was tantamount to a "willful" violation of the automatic stay, calling for compensatory damages as provided in § 362(h).

Section 362(h) reads as follows:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

■ As the clear wording of § 362(h) indicates, once a "willful" violation of the automatic stay is established, compensatory damages are mandatory. The willfulness requirement refers to the deliberateness of the conduct and the knowledge of the bankruptcy filing, not to a specific intent to violate a court order. *In re Wagner*, 74 B.R. 898 (Bkrtcy.E.D.Pa.1987); *See also, In re H & H Beverage Distributors, Inc. v. Dept. of Revenue of Pennsylvania*, 79 B.R. 205, 208 (D.E.D.Pa.1987); *In re Santa Rosa Truck Stop*, 74 B.R. 641, 643 (Bkrtcy.N.D.Fla.1987).

The Court finds that respondent Terri Ilgen had actual knowledge of the bankruptcy filing and deliberately engaged in conduct contrary to the terms of the automatic stay. Because debtor suffered damages of $11,311.06 as a direct result of this conduct, she is entitled to an award of sanctions in this amount.

Turning to the other respondents, the Court finds that there is insufficient evidence to support an award of sanctions against these parties. Although their conduct in evicting the debtor was contrary to the terms of the automatic stay, their conduct does not appear to be "willful" within the meaning of § 362(h). The Court expresses no opinion as to the validity of the eviction in violation of the automatic stay.

The Court will enter a separate order in accordance with these findings.