**In re Wilbertine RIVERS, Debtor.**

**Bankruptcy No. 93–1037–BKC–3P7.**

United States Bankruptcy Court,
Middle District of Florida,
Jacksonville Division.

Nov. 9, 1993.

Gregory Crews, Jacksonville, FL, for debtor.

Anne Payne, Jacksonville, FL, for O'Hara.

Charles W. Grant, Trustee, Jacksonville, FL.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon debtor's motion for sanctions for violation of the automatic stay imposed by 11 U.S.C. § 362 by O'Hara Moving & Storage, Inc. ("O'Hara"). The Court held hearings on August 4, 1993, and August 9, 1993, and upon the evidence presented the Court enters the following findings of fact and conclusions of law:

### Findings of Fact

Debtor and her husband planned a move from Boston, Massachusetts, to Jacksonville, Florida. In contemplation, on April 16, 1992, Wheaton World Wide Moving through its agent T.E. Andresen, Inc., executed a Bill of Lading and Freight Bill to pack and ship the contents of debtor and her husband's six-bedroom home to Jacksonville. The bill of lading listed Albert Rivers, debtor's husband as the shipper, but debtor signed the bill of lading in the space for the shipper or the shipper's lawful representative. Likewise, debtor signed in the space provided for the shipper or the shipper's lawful representative on the Estimate and Order for Service and in the space for the owner on the inventory of the goods packed issued in conjunction with the move.

Debtor became ill on the trip from Boston to Jacksonville and was unable to accept delivery of the property. Consequently, the shipper put the goods into storage in Jacksonville at the Pack and Load Moving Service, Inc., facility which later became O'Hara's facility.

From September, 1992, through January, 1993, debtor and her husband had numerous conversations with O'Hara concerning payment of storage fees and recovery of their household goods. In December, 1992, O'Hara sent debtor a Final Notice of Sale by certified mail. The notice was returned to O'Hara unclaimed.

After the Notice of Sale was mailed, debtor's husband executed a promise to pay $5,000.00 on the storage charges, but he did not make any payments. A second notice of sale dated January 27, 1993, was sent certified mail and was returned unclaimed. This notice of sale reflected storage charges of $11,625.30 for storage through February 28, 1993.

On March 5, 1993, one day prior to the scheduled sale, debtor filed a chapter 13 petition. Debtor was receiving pro bono legal assistance at the time she filed her petition. Her attorney sent a facsimile of her petition and a letter explaining the effect of the automatic stay to O'Hara's office at 4:31 p.m. on March 5, 1993. Debtor's attorney also called O'Hara and spoke with an employee.

On March 6, 1993, the date of the scheduled sale, debtor provided M.D. Hines, the general manager of O'Hara, a copy of the petition. O'Hara held the auction on March 6, 1993, and sold debtor's household goods. O'Hara received $8,329.89 from the sale.

### Conclusions of Law

The filing of a petition for relief under the Bankruptcy Code operates as a stay as to:

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a)(3).

Property of the estate includes "property, wherever located and by whomever held ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Although debtor was not listed as the shipper of the goods on the Bill of Lading, she signed the contract to move the goods and signed the inventory when the goods were packed. O'Hara emphasizes the fact that debtor was not the named shipper but does not explain what effect this may have on debtor's interest in the property or her motion for sanctions.

The Court finds that the household goods were jointly owned and debtor had a

one-half interest in them. Pursuant to § 541 this one-half interest is property of the estate and the automatic stay applies to any acts to exercise control over the goods. It is clear that O'Hara exercised control over the goods in selling them and violated the automatic stay as to debtor's one-half interest in the household goods.

The automatic stay is a fundamental provision in the bankruptcy code used to facilitate a debtor's fresh start. Consequently § 362(h) provides sanctions for violations of the stay. *In re Kilby,* 100 B.R. 579 (Bankr. M.D.Fla.1989). Section 362(h) states in pertinent part:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

This Court has previously held that a violation of the automatic stay is willful when the violation results from deliberate action; no specific intent to violate a court order is necessary. *Id.*

O'Hara argues that debtor filed her petition in bad faith and the automatic stay should be retroactively annulled. O'Hara urges this Court to extend this chapter 11 concept to chapter 13 cases. The Court is not persuaded that this extension is warranted and declines to extend bad faith filing to chapter 13.

The day before the auction the employee in charge of O'Hara's office received a copy of debtor's petition and a letter explaining the significance of the automatic stay as well as a telephone call from debtor's attorney. In addition, prior to the sale, O'Hara's general manager was informed that debtor had filed a petition in bankruptcy but held the sale anyway. There is no question that O'Hara's conduct, in proceeding with the auction, was deliberate and not inadvertent. Consequently, the Court finds that O'Hara's actions amount to a willful violation of the automatic stay.

Pursuant to § 362(h), debtor is entitled to receive her actual damages. The correct measure of damages for loss of household goods is fair market value. *Allied Van Lines, Inc., v. McKnab,* 331 So.2d 319 (Fla.1976). Fair market value is the "amount a purchaser willing but not obligated to buy will pay to one willing but not obliged to sell." *ITT Community Development Corp. v. Seay,* 347 So.2d 1024 (Fla. 1977). In *ITT,* the Supreme Court of Florida recognized that even though property was sold at auction the circumstances surrounding the auction could result in a valuation that was not equal to fair market value. In *ITT,* the Court held that in the context of taxpayer challenges to tax assessments, auctions held pursuant to "Pope's Law," where the seller could renege on the offer to sell by forfeiting a bond, were incapable of producing a fair market valuation of the property. The Court reasoned that the seller's ability to renege allowed the seller to undervalue the property while the uncertainty of prevailing created disinterested buyers and thus the participants were not the type of buyers and sellers required to produce a fair market valuation.

Similarly, in this case the seller's sole intent was liquidation of property. Because O'Hara hired the auction company specifically for the sale, it was obligated to liquidate the property immediately. Consequently, just as the taxpayer in *ITT* would likely undervalue his property to decrease the assessment, the seller in this case would likely undervalue the property for a quick sale. Thus, the auction was not one that produced a fair market valuation as determined by a buyer and a seller under no obligation to buy or sell. Accordingly, the Court finds that the auction proceeds O'Hara received for debtor's property were not equal to the fair market value of the goods.

Debtor testified that the fair market value of her household furnishings was $22,000.00. Debtor based her opinion on the sales prices found on some of her belongings at a used furniture store. Debtor is most familiar with the condition of her furniture and offered the most competent evidence as to value. Without other evidence of the condition of the property, the amount it had depreciated or the purchase price, the Court finds debtor's

value of $22,000.00 to be the best evidence of fair market value.

Debtor had a one-half interest in the property, thus her actual loss on the furniture was $11,000.00. However, debtor is not entitled to recover this amount because, as O'Hara correctly points out, debtor would have been required to pay the storage fees to recover her property. The storage fees due were reduced by the amount that O'Hara received from the auction. Thus the net amount due must be subtracted from the $11,000.00 fair market value of the estate's interest in the furnishings to determine debtor's actual damages on the loss of her household goods. In sum, debtor is entitled to recover from O'Hara $7,703.59 [1] for its violation of the automatic stay.

■ Section 362(h) allows recovery of attorney fees as actual damages. In prosecuting this motion, debtor incurred $1,500.00 in attorney fees which the Court finds is reasonable and debtor's attorney is entitled to receive this amount.

■ Debtor argues that she is entitled to punitive damages. Section 362(h) allows for punitive damages in appropriate situations. Appropriate situations occur when the violator acts in an egregious intentional manner. In re Ketelsen, 880 F.2d 990 (8th Cir. 1989). The Court does not find that O'Hara's conduct is sufficiently egregious to warrant the imposition of punitive damages.

Debtor acknowledges that subject to her exemption rights and other possible refunds due her, the majority of the damage was suffered by the estate because the one-half interest in the household goods is property of the estate. Consequently, the estate is entitled to recover $7,703.59, subject to debtor's claims. The Court will enter a separate order consistent with these findings of fact and conclusions of law.

### ORDER GRANTING MOTION FOR SANCTIONS

Upon findings of fact and conclusions of law separately entered, it is

ORDERED

1. Debtor's motion for sanctions pursuant to 11 U.S.C. § 362(h) is granted.

2. O'Hara Moving and Storage, Inc., shall pay to Debtor's chapter 7 estate $7,703.59 in care of Trustee Charles W. Grant, 112 West Adams Street, Suite 1802, Jacksonville, Florida 32202, within thirty days of the date of this Order. The estate shall retain the sanctions award subject to any claim of debtor.

3. O'Hara Moving and Storage, Inc., shall pay Debtor's attorney, Gregory Crews $1,500.00 within thirty days of the date of this Order.

---

1. The damage figure is calculated as follows:

| | | |
|---|---|---|
| FMV of hhg | | $11,000.00 |
| Storage fees | $11,626.30 | |
| Auction Proceeds | $ 8,329.89 | 3,296.41 |
| Total | | $ 7,703.59 |