LABORDE, Judge.
This is an appeal from the dismissal of a third party action on the peremptory exceptions of no right and no cause of action. William Henry Sanders, who was sued as an endorser on a promissory note, filed third party demands against Freddie Wayne Clark as the maker of the note, and Hartford Accident and Indemnity Company, the workmen’s compensation insurer of Clark’s employer. Hartford filed exceptions of no right and no cause of action. From a judgment sustaining those exceptions and ordering dismissal without prejudice of Sanders’ third party demands against Hartford, Sanders perfects this appeal. We affirm.
The issues on appeal concern whether the exceptions were properly sustained and if so, whether Sanders should be allowed to amend his petition instead of having his claims dismissed without prejudice.
William Henry Sanders endorsed a promissory note made by Freddie Wayne Clark which was payable to the Bank of Jena. By the terms of the note, Sanders agreed to be solidarily bound with Clark.
Clark and Sanders failed to pay the installments, the note was accelerated and suit was instituted by the Bank against both Clark and Sanders. In his answer, Sanders made a third party demand against Clark and Hartford Accident and Indemnity Company, the workmen’s compensation insurer of Clark’s employer. In this third party action, Sanders alleged that Clark was injured while at work and that the promissory note was made in order to pay for the medical expenses incurred as a result of these injuries which he further alleges are compensable under Louisiana’s Workmen’s Compensation Law. Sanders then prayed for judgment against Hartford in favor of himself, Clark and the Bank and for dismissal of the Bank’s claim against him. Sanders’ third party demand against Hartford was dismissed following the trial court’s sustaining of Hartford’s exceptions of no right and no cause of action.
We begin with whether these exceptions were properly sustained.
This court, in Mercier v. Clifton Flugence, et al., 408 So.2d 52 (La.App. 3rd Cir. 1981), discussed both exceptions:
“The exception of no right of action serves to question the right of a plaintiff to maintain his suit; i.e., his interest in the subject matter of the proceedings. The want of interest raised by the exception relates to whether the particular plaintiff falls, as a matter of law, within the general class in whose favor the law grants the cause of action sought to be asserted by the suit. In the exception of no right of action, evidence is admissible in a determination of whether the particular plaintiff falls within the general class having a legal interest to sue upon the cause of action asserted.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded and the issue is whether the face of the petition presents a case which legally entitles the plaintiff to the redress which is sought. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). Citations are unnecessary for the principle that evidence is inadmissible in a determination of an exception of no cause of action.”
As we apply these well-established principles to the instant case, it is clear that both exceptions were properly sustained.
Third party plaintiff, Sanders, has no right of action to sue Hartford for the collection of any workmen’s compensation benefits allegedly owed Clark. Clark is the only proper party plaintiff to bring such a suit. No evidence was introduced to show or prove otherwise.
*283 The exception of no cause of action was also correctly sustained. Sanders’ allegations of fact, which are accepted as true, fail to state a cause of action against Hartford. All that is alleged is that Hartford owed Clark compensation benefits. There are no allegations that Sanders is legally entitled to payment from Hartford, nor did Sanders attach any documents in support of his pleadings showing such entitlement. We conclude that this exception was properly sustained.
Having concluded that the trial court correctly disposed of Hartford’s exceptions, we now address whether Sanders should have been allowed to amend his pleadings instead of having his third party demands dismissed without prejudice.
LSA-C.C.P. art. 934 provides that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment, the court should allow amendment within a fixed delay.
In the instant case, assuming ar-guendo the workmen’s compensation benefits are owed by Hartford, Sanders does not belong to the particular class in whose ex-elusive favor the compensation law extends the remedy. Consequently, the pleadings are not remedial by amendment and the trial court properly dismissed Sanders’ third party action instead of ordering amendment within a fixed delay.
For the above reasons, the judgment of the District Court is affirmed. All costs of this appeal are assessed against the appellant, William Henry Sanders.
AFFIRMED.