497 So.2d 19 (1986)
Ozeme Joseph MITCHELL
v.
Gary ZERINGUE, et al.
No. 86-CA-187.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
*20 Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, for Ozeme Joseph Mitchell plaintiff-appellee.
Michael R. Zsembik, Reuter, Reuter, Reuter & Pizza, New Orleans, for Gary Zeringue defendant-appellant.
Before GRISBAUM and WICKER, JJ., and J. BRUCE NACCARI, J. Pro Tem.
J. BRUCE NACCARI, Judge Pro Tem.
The defendant appeals from an amended judgment rendered against him, which judgment substituted his name as a defendant found liable to the plaintiff for wrongful detention, in place of another defendant named in the original judgment. The appellant is not named in the original judgment. We reverse.
The plaintiff, Ozeme Mitchell filed an action against several defendants, including appellant Gary Zeringue, an Officer of the Sheriff's Office of the Parish of St. Charles, and his employer, The Sheriff's Office of the Parish of St. Charles, alleging wrongful detention. The plaintiff had been arrested for first degree murder pursuant to a warrant signed by Judge C. William Bradley. Approximately one (1) day after this arrest, it was learned that another individual had committed the murder at issue. At that time, the defendant, Gary Zeringue, notified the district attorney's office of the situation but did not notify a magistrate. As a result, the plaintiff was detained for one to two days longer than necessary.
On February 8, 1982, the Trial Court found liability on the basis that notification should have been made to a magistrate rather than to the district attorney, however it entered a judgment only against the "Sheriff's Office of the Parish of St. Charles" and not against appellant.
The Sheriff's Office, however, had been dismissed as a party defendant on March 19, 1979 pursuant to its exception of no cause of action. A judgment was thus rendered against an entity not a party to the suit.
The Judgment was mailed to counsel on the following day. The record reflects that neither a motion for new trial nor a motion for appeal was filed by either party.
On June 28, 1983, counsel for the plaintiff filed a Motion for Contempt of Court directed to the Sheriff's Office for failure to pay the judgment. The trial judge declined to sign the order setting the matter for hearing, but instead formulated an order *21 advising counsel that a motion for contempt was an improper procedural remedy to enforce a judgment and advising him to proceed by writ of attachment and/or fi fa. Following the signing of the order, on September 27, 1984, the trial court transferred the case to Division C of the court. The order of transfer notwithstanding, on December 30, 1985, the original court signed an amended judgment which provided as follows:
This matter came for Trial on the 11th day of September, 1981, and was considered submitted for Judgment on the 27th day of October, 1981.
Present at the time of Trial were the following:
Ozeme J. Mitchell and his attorney Daniel E. Becnel, Jr.
The Defendant and his attorney, Steven F. Griffith
After hearing the evidence, argument of counsel and considering the law, it is the Judgment of this Court that the Plaintiff has sufficiently carried the burden of proof required and there is therefore, Judgment in favor of the Plaintiff, Ozeme Joseph Mitchell, and against Gary Zeringue as an employee of the Sheriff's Office of the Parish of St. Charles, in the full and true sum of THREE THOUSAND DOLLARS AND NO CENTS ($3,000.00). In addition to costs of all depositions, costs of Court and legal interest from date of demand.
This Judgment, which substituted appellant's name for the Sheriff's Office of the Parish of St. Charles was mailed to all counsel on January 9, 1986. From this judgment the defendant, Gary Zeringue, suspensively appealed on January 30, 1986. His specifications of error are as follows:
1. The Trial Judge erred in finding that defendant, Gary Zeringue, had a duty to notify the magistrate that a prisoner should be released.
2. The Trial Judge erred in levying a judgment against a party who had already been dismissed from the suit.
3. The Trial Judge erred in substantively amending the judgment.
The determinative issue presently before us is whether the change of name of the party cast in judgment was timely made by the trial court. La.C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party;
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
It is well settled that the changing of the name of the party cast in judgment is a change of substance and not phraseology which cannot be accomplished by ex parte motion. See Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir.1970) and cases cited therein.
Moreover, no court can alter the substance of the judgment after the time for appeal has elapsed without an appeal having been taken. Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3rd Cir.1982); Mitchell v. Louisiana Power and Light Company, 380 So.2d 743 (La.App. 4th Cir.1980). Since an appeal from the original judgment was not timely taken and the change of names in the judgment was untimely, we vacate the amending judgment and reinstate the original judgment. It is noted, however, that the original judgment has no effect pursuant to La.C.C.P. art. 2002 and 2005, as it is granted in favor of the Sheriff's Office of the Parish of St. Charles, which was not a party to the lawsuit at the time the judgment was granted.
For the foregoing reasons, we order the amended judgment vacated, and it is unnecessary to address the issue as to whether there is liability for wrongful detention on the part of the arresting officer for failure to notify a magistrate of a detained person's innocence.
AMENDED JUDGMENT VACATED.