510 So.2d 1300 (1987)
Freddie Wayne CLARK, Plaintiff-Appellee,
v.
AETNA LIFE INSURANCE, et al., Defendants,
Hartford Accident & Indemnity Company and Justiss-Mears Oil Company, Defendants-Appellees,
William Henry Sanders, Intervenor-Appellant.
No. 86-627.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
William Henry Sanders, J.P. Mauffray, Jr., Jena, for intervenor-appellant.
Howard N. Nugent, Jr., Alexandria, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendants-appellees.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
An attorney, William Henry Sanders, intervened claiming an interest in a worker's compensation suit that demanded attorney's fees for the arbitrary and capricious failure to pay medical expenses. Sanders had represented the worker when the suit was filed, but he was later discharged by his client. In the intervention Sanders also sought recovery from his former client, pursuant to their employment contract, of some money advanced, including payment of some medical expenses. The trial judge heard the intervenor's claims, and at the same time it heard an exception of prematurity that had been filed by the employer and its insurer in the main demand. The trial court maintained the plea of prematurity and dismissed the worker's compensation suit. The intervenor was awarded a judgment against his former client for $4156.50 for advances, but he was denied an award for attorney's fees. This appeal by the intervenor, Sanders, is directed at all rulings, but chiefly at the dismissal of the suit, because the dismissal of the suit as premature eliminated Sanders's prospects of participating in the recovery of an attorney's fee based on a finding that the employer and its insurer were arbitrary in not paying medical expenses.
We will amend the money judgment to give intervenor an additional $200 which had apparently been overlooked in the calculations on the trial level. In all other respects we affirm the judgment.
A more detailed presentation of the long history of procedural events that have occurred in this case is unfortunately necessary in order to understand not only the *1301 intervenor's present procedural posture, but also our reasons for judgment. We will make that presentation shortly, but first it is important to note that Sanders, the discharged attorney-intervenor, is the only party before us on this appeal. Not only is Sanders the only party who appealed, but he is also the only party who filed a brief. Clark, the plaintiff, appealed neither the dismissal of his worker's compensation suit nor the judgment holding him responsible to his former attorney for the advances, and no appellate brief was filed on his behalf by his present attorneys. The employer and insurer have not filed a brief responding to intervenor's attack on the prematurity ruling. The intervenor, Sanders, stands before us alone.
It all started more than 10 years ago when on January 11, 1977, Freddie Wayne Clark was injured in an on-the-job accident. His employer was Justiss-Mears Oil Company, whose worker's compensation insurance carrier was Hartford Accident & Indemnity Company.
Clark hired Sanders as his attorney, and signed a contract giving Sanders a "contingent interest" in his case of 50% for tort claims and agreed to pay the "statutory fee and all legal expenses" incurred in a claim for workmen's compensation. Clark was being treated in Alexandria, Louisiana, for his injuries but was apparently not satisfied with his progress there and in June 1977, Sanders made arrangements for him to receive medical treatment in Houston, Texas. He was hospitalized there twice in the summer of 1977. This worker's compensation suit was filed on November 8, 1977, demanding weekly benefits, medical expenses, attorney's fees and penalties. However, at the time of the filing of the suit, Clark was already receiving weekly compensation benefits and with the exception of the Texas medical bills, all bills had apparently been paid.
On November 27, 1977, a few days after suit was filed, Justiss-Mears and Hartford filed an exception of prematurity. A few months later, on June 27, 1978, Sanders and Clark voluntarily dismissed the demand for weekly compensation benefits without prejudice, leaving pending only the claim for payment of the outstanding medical bills, and the associated demand for penalties and attorney's fees. Defendants resisted payment of the Houston medical bills.
Two years passed, and on July 7, 1980, Clark sent Sanders a letter terminating their attorney-client relationship. Clark hired another attorney. It was then that Sanders filed an intervention seeking attorney's fees and expenses and asserting a lien to secure payment. The intervention opposed both plaintiff and defendants.
Soon after he intervened Sanders took a default judgment against Clark. The judgment ordered Clark to pay him a fee and also reimburse him certain expenses, including medical bills paid on his behalf and advances for travel to Houston doctors. From that judgment Clark appealed, and in Clark v. Aetna Life Insurance Co., 410 So.2d 1187 (La.App. 3rd Cir.1982), this court reversed the default judgment finding that Sanders had failed to join an indispensable party, Clark's new attorney, in the proceeding. The case was remanded.
Complying with the remand instructions, Sanders on July 5, 1983, amended his intervention to name plaintiff's new attorney as a party.
The dispute between Clark and Sanders for the next few years moved to a different arenaanother, but related, lawsuit. To pay some of the Houston medical bills Clark had borrowed from the Bank of Jena and Sanders endorsed the note. Clark did not pay the note and the bank sued both. Sanders by third party pleadings brought in Hartford, the workmen's compensation insurer, claiming these medical expenses were the result of the 1977 injury. That third party demand was dismissed and in Bank of Jena v. Clark, 413 So.2d 281 (La. App. 3rd Cir.1982), we affirmed, holding that Sanders had no right to sue Hartford for the collection of any worker's compensation benefits allegedly owed Clark. After *1302 remand, Sanders paid the note, was substituted as a party plaintiff, and took a default judgment against Clark for $4280.41. Clark appealed that judgment and this time we affirmed for Sanders, Bank of Jena v. Clark, 452 So.2d 428 (La. App. 3rd Cir.1984), writ denied, 458 So. 2d 476 (La. 1984).
All this while, the exception of prematurity filed by Justiss-Mears and Hartford back in 1977 was pending. The demand for the payment of weekly benefits had been voluntarily dismissed by Clark and Sanders back in 1978, but there was still pending a petition demanding payment of medical expenses, and penalties and attorney's fees. The exception of prematurity to those demands was heard in October 1985, and maintained in February 1986, the trial court finding that Clark's demand for medical payments was premature. Citing Sam v. Standard Fittings Company, 389 So.2d 792 (La.App. 3rd Cir.1980), the trial court determined that the dismissal of the medical claim also required the dismissal of plaintiff's claim for penalties and attorney's fees.
Ruling at the same time on Sanders's intervention action, the trial court found that Sanders had been fired without lawful cause. Finding also that Sanders's exclusive remedy was against his former client, the trial court dismissed Sanders's claims against the defendants, Justiss-Mears and Hartford. Sanders was granted a judgment against Clark for expenses (in addition to those we affirmed in Bank of Jena v. Clark, 452 So.2d, supra) associated with the preparation of the suit before being discharged, in the amount of $4156.50 with legal interest. The trial court found that Sanders was not entitled to any legal fees since there had been no recovery in compensation benefits.
As emphasized earlier, Sanders is the only appellant. His principal argument is that the trial court should not have dismissed Clark's workmen's compensation suit on the defendants' exception of prematurity. Since Clark has not appealed from that judgment of dismissal, what Sanders is attempting to do is appeal the judgment for him. This he cannot do.
An intervenor can appeal to protect his interest, but Sanders is not an ordinary intervenor. Superimposed upon his status as an intervenor is the fact that he is a discharged attorney seeking to intervene in his former client's workmen's compensation suit and to appeal the dismissal of the plaintiff's suit. In order to analyze what intervention rights a discharged attorney has in such a case we must look to the statutory law and Supreme Court decisions on the subject of regulation of the practice of law.
La.R.S. 37:218 deals with contingent fee contracts between a client and an attorney. It reads:
§ 218. Contracts for fees based on proportion of subject-matter; stipulations concerning compromise
"By written contracts signed by the client, attorneys at law may acquire as their fee an interest in the subject matter of the suit, proposed suit, or claim in the prosecution or defense of which they are employed, whether the suit or claim be for money or for property. In such a contract for employment, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file it with the clerk of the district court in which the suit is pending or is to be brought and have an original or certified copy made and served by registered or certified mail on the opposing party. After such service, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client without the written consent of the other is null and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made."
Where there is a contingent fee contract such as the one we have here, an attorney's *1303 fee under such a contract is contingent upon the contracting attorney's successful performance of an obligation to reduce the claim to an award of benefits or payment of the medical expenses. See Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978). In Saucier the court found that the Disciplinary Rules of the Code of Professional Responsibility prohibited an attorney from acquiring an absolute ownership interest in a client's claim prior to his performance of all or substantially all the legal services, and determined that the attorney merely acquires a privilege under R.S. 37:218 to aid in collection of a fully earned fee out of the fund which the satisfaction of the client's claim yields. If the attorney is discharged without cause prior to satisfaction of his client's claim then the discharged attorney still may share with the succeeding attorney a portion of the fee subsequently earned. See Saucier, supra.
In Scott v. Kemper Ins. Co., 377 So.2d 66 (La.1979) a discharged attorney intervened in a tort claim. He sought protection of his contingent fee. The parties to the tort claim settled without his consent. He requested that the settlement made without his consent be declared null and void and that he be permitted to proceed with the suit as if no such settlement or compromise had been made. The trial court concluded that R.S. 37:218 does not operate to give the discharged attorney the right to prevent settlement of the claim, and awarded intervenor a fee based on quantum meruit. Intervenor appealed. The Court of Appeal, finding intervenor had complied with R.S. 37:218, decided that the settlement had been suspended until recognition and payment of intervenor's claim and remanded the case for a determination of the fee. The Supreme Court granted writs, and answered the question of whether a discharged attorney may nullify the settlement (which the client, with new counsel, later made with defendant) and proceed with the pending suit as if no such settlement had been made by stating the following:
"As we determined in Saucier, statutes which tend to impede or frustrate this Court's constitutionally imposed judicial authority in connection with disciplinary proceedings and regulations of attorney's law practice will not be approved. We said in that case:
"In deciding this case we recognize as a primary consideration the Court's duty to assert the authority conferred by the Constitution to regulate the practice of law, which stems from the grant of original exclusive jurisdiction of disciplinary proceedings against a member of the bar. La.Const. Art. V, § 5(B); see Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La. 1976). As set forth more fully in the dissent on original hearing, this Court's prevailing judicial authority resulted in the adoption and promulgation of the Articles of Incorporation of the Louisiana State Bar Association, which Articles came to incorporate the Code of Professional Responsibility, in lieu of the Canons of Professional Ethics. The Code of Professional Responsibility which regulates attorneys' practices has been recognized as having the force and effect of substantive law. As a result, these rules set forth by virtue of the Court's exercise of its prevailing judicial authority override legislative acts which tend to impede or frustrate that authority; only legislative enactments in this area which aid the Court's inherent powers will be approved." Saucier v. Hayes, supra, at 115. (emphasis provided)
[2] "Thus, if R.S. 37:218 is to be literally applied it must not be in conflict with the Code of Professional Responsibility.
"Specifically, two disciplinary rules of the Code of Professional Responsibility (approved by this Court and adopted by the Louisiana State Bar Association) militate against the literal application of the last sentence of R.S. 37:218.
"Disciplinary Rule 2-110(B)(4) recognizes the client's absolute right to discharge his attorney. It provides in pertinent part:

*1304 "DR2-110 Withdrawal from Employment
. . . . . .
B) Mandatory withdrawal.
A lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employment, and a lawyer representing a client in other matters shall withdraw from employment, if:
* * * * * *
(4) He is discharged by his client."
"And Disciplinary Rule 5-103, while acknowledging that a lawyer may contract with a client for a reasonable contingency fee, specifically prohibits, as we determined in Saucier v. Hayes, an attorney's acquiring a proprietary interest in the client's cause of action:4
Disciplinary Rule 5-103
"(A) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation he is conducting for a client, except that he may:
(1) Acquire a lien granted by law to secure his fee or expenses.
(2) Contract with a client for a reasonable contingent fee in a civil case."
"Thus an attorney can neither force his continued representation of a client who wishes to discharge him, nor obtain, by any means, a proprietary or ownership interest in the client's claim. Therefore, he may not proceed with the suit or claim as if settlement had not been made. And he has no right to interfere with or nullify the settlement which his former client has made, (as in this case) or chooses to make."
In the present case the intervenor-discharged attorney cannot force his continued representation, nor obtain by any means a proprietary or ownership interest in the former client's claim. A discharged attorney has no right to interfere with his former client's suit. A litigant can voluntarily dismiss his claim or decide not to appeal a dismissal of his suit. The discharged attorney cannot step back into the shoes of his former client and take an appeal to try to maintain the client's action after such a dismissal. Such efforts would enable the discharged attorney to control his former client's suit thereby forcing his continued representation of the client. Sanders cannot appeal the ruling on the defendants' exception of prematurity and the dismissal of the workmen's compensation claim.
Sanders under his contract with Clark was entitled to the "statutory fee and all legal expenses" incurred in the claim for workmen's compensation. The trial court awarded him the remaining unpaid expenses. The trial court found that Sanders had not earned a fee because he had obtained nothing for Clark. The plaintiff never got a judgment or settled his case. The plaintiff's suit has been dismissed. No fee was due until the plaintiff obtained a favorable judgment, either by settlement or trial. Sanders has no right to force the plaintiff to continue in his suit. Sanders' claim is therefore totally dependent upon a claim by plaintiff. If the plaintiff's claim is dismissed, Sanders cannot continue his suit as if no dismissal had occurred. The dismissal of plaintiff's suit required the dismissal of Sander's intervention claim for a fee.
The appellant also complains that there is a calculation error in his award as to the expenses. He correctly observes that there was an inadvertent omission of a $200 payment made by Sanders to Dr. John McCutchen. For this reason we amend the judgment in favor of Sanders against Clark to award $4356.56. In all other respects the judgment is affirmed, at appellant's costs.
AMENDED AND AFFIRMED.