CIACCIO, Judge.
This is an appeal from a judgment of the district court which granted summary judgment and dismissed the appellant’s petition of intervention. We affirm.
On May 13, 1985, intervenor, the law firm of Wiedemann & Fransen entered into a contract of representation with the plaintiff Randy Neely. On June 13, 1985 the intervenor filed a petition seeking damages on behalf of the plaintiff for serious injuries he sustained as a deckhand aboard the M/V Creole Janice. On November 21,1985 plaintiff discharged his attorneys of record. The following day, November 22, 1985, Neely entered into a release of liability with defendants Hollywood Marine, Inc. and Tenneco Oil Company. In consideration of $50,000, plaintiff discharged the defendants from any and all liability arising from the maritime accident. Defendants also agreed to pay all medical expenses that might be incurred in connection with two surgical procedures contemplated by plaintiff, provided the surgery took place within 1 year from the date of the release.
On November 25, 1985, Wiedemann & Fransen filed a petition of intervention seeking reimbursement of medical expenses and costs, as well as an enforcement of its contingent fee, or alternatively, legal fees of $200,000 on the basis of quantum meruit. They annexed a copy of the contingent fee contract which had been executed by the plaintiff. On December 5, 1985 defendants answered the intervention with a general denial.
On December 12, 1985 plaintiff, Randy Neely, and defendants Hollywood Marine, Inc. and Tenneco Oil Company filed a joint motion to dismiss plaintiff’s suit with prejudice, based upon the parties’ contract of compromise and release. On that date, the district court rendered an order of dismissal and final judgment, which dismissed, with prejudice, the plaintiff’s suit against these defendants.
On February 26, 1986 defendants filed a motion for summary judgment and memorandum in support thereof as well as a statement of uncontested facts which alleged the following:
(1) Plaintiff, Randy Neely discharged his attorneys, Wiedemann & Fransen on November 21, 1985.
(2) On November 22, 1985 plaintiff granted defendants, Hollywood Marine, Inc. and Tenneco Oil Company a full and complete release from any and all claims arising from plaintiff’s alleged accident.
(3) On November 25, 1985 attorneys Wiedemann & Fransen filed their *1153 contingency fee contract with the court.
The intervenors amended their petition of intervention on March 5, 1986 to allege the nullity of plaintiffs release and nullity of the court’s order dismissing plaintiff’s suit. They also filed a memorandum in opposition to the motion for summary judgment, but they did not dispute the defendant’s statement of uncontested facts.
On October 28,1986 the trial court granted the defendant’s motion for summary judgment and dismissed the petition of intervention. The court found that the “in-tervenor’s contingency fee contract was not timely filed” and “the compromise agreement ... was satisfactory and en-forceable_” The intervenor has filed a devolutive appeal of this judgment.
The sole issue presented on appeal is whether the trial court erred in granting the defendant’s motion for summary judgment dismissing the petition for intervention.
On appeal the intervenor alleges that the mental capacity of the plaintiff precluded his valid confection of the receipt and release. Additionally, they urge that since they filed their intervention and contract of employment on November 25, 1985 and the compromise agreement and motion to dismiss were not filed until December 12,1985 (with notice thereof received March 4,1986) that the disposition of the suit occurred after their intervention and was, hence, void.
The Louisiana Code of Civil Procedure provides for summary judgment:
Art. 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and ad-
missions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
* * * * # #
We first address the intervenor’s contention that the release and receipt are null and void.
The intervenor has admitted that on November 21, 1985 plaintiff discharged them and hence they do not represent the plaintiff.
In Scott v. Kemper, 377 So.2d 66 at 70 (La., 1979), the Louisiana Supreme Court discussed the right of an attorney whose client desires to (or has) discharged) him:
Thus an attorney can neither force his continued representation of a client who wishes to discharge him, nor obtain, by any means, a proprietary or ownership interest in the client’s claim. Therefore, he may not proceed with the suit or claim as if settlement had not been made. And he has no right to interfere with or nullify the settlement which his former client has made, (as in this case) or chooses to make.
For these reasons we find that the inter-venor has no standing before this court, (nor did he have standing before the district court) to urge the invalidity of the plaintiff’s receipt and release.
We also find the cases cited by the inter-venor in support of his position to be factually distinguishable from the present. Garrett v. Moore—McCormack Co., 317 U.S. 238, 63 S.Ct. 246, 87 L.Ed. 239 (1942); Parodi v. American President Lines, Ltd., 269 F.Supp. 696 (Cal., 1967). In Garrett, supra and Parodi, supra, the plaintiffs sought to set aside releases they had executed. In this case it is a third party who seeks to invalidate a release executed by the plaintiff and with which the plaintiff is apparently satisfied.
We also disagree with the inter-venor’s allegations that their intervention and contract were filed timely because they were recorded before the compromise *1154 agreement and motion to dismiss. This matter is controlled by Louisiana Revised Statute Title 37 Section 218, which provides in pertinent part:
La.R.S. 37:218
Contracts for fees based on proportion of subject-matter; stipulations concerning compromise
By written contracts signed by the client, attorneys at law may acquire as their fee an interest in the subject matter of the suit, proposed suit, or claim in the prosecution or defense of which they are employed, whether the suit or claim be for money or for property. In such a contract for employment, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file it with the clerk of the district court in which the suit is pending or is to be brought and have an original or certified copy made and served by registered or certified mail on the opposing party. After such service, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney oy the client without the written consent of the other is null and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made. (Emphasis Supplied)
The statute clearly contemplates the contingent fee contract’s effect on third parties after it is filed of record. Accordingly, for this contingent fee contract to have had an effect upon the settlement of the parties to this suit, it must have been filed of record before the execution of the settlement. Since the settlement took place November 22, 1985 and the intervention and contingency fee contract were not filed of record until November 25, 1985, it was not timely and it could not act as a basis to void the settlement.
Since there were no issues of material fact, the mover was entitled to judgment as a matter of law. The trial court correctly granted the defendant’s motion for summary judgment and dismissed the petition of intervention. This decision in no way precludes any action which the inter-venor may have against their former client for recovery of their attorneys’ fees. Additionally, this decision in no way precludes the intervenor from proceeding against Hollywood Marine and Tenneco for payment of attorney’s fees and costs to the extent that the defendants assumed that obligation as part of the settlement with Neely.
Although intervenor urged in brief that we consider the conduct of defendants, and their attorneys, in an ethical context, those complaints, if they have any validity, are more properly addressed to the appropriate professional ethics committee.
Accordingly, the judgment of the district court is affirmed at intervenor’s cost.
ARRIRMED.