**In re Keith T. GRACE, Julie A. Grace, Debtors.**

**Bankruptcy No. 2–87–03049.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Feb. 25, 1988.

Robert M. Hoskinson, Columbus, Ohio, for debtors.

## ORDER FINDING A WILLFUL VIOLATION OF SECTION 362 BY ROCKWELL CREDIT UNION AND GRANTING SANCTIONS TO THE DEBTORS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of debtors Keith and Julie Grace, seeking sanctions and other relief against Rockwell Credit Union ("Rockwell") for its alleged violation of the automatic stay imposed by 11 U.S.C. § 362(a). · Although notice of the motion and hearing thereon was sent to Rockwell, it did not respond to the motion or appear at the hearing held by the Court at 3:00 p.m. on January 7, 1988.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FINDINGS OF FACT

The debtors filed their petition for relief under the provisions of Chapter 7 of Title 11, United States Code, on July 10, 1987. Rockwell was listed in the bankruptcy schedules as a secured creditor with a lien against the debtors' 1979 Toyota pickup truck and a 1981 Volkswagen Rabbit automobile. Rockwell also has a security interest in the debtors' deposit account at the credit union.

The Clerk of the Bankruptcy Court mailed to Rockwell on July 17, 1987 an Order for Meeting of Creditors Combined With Notice Thereof and Of Automatic Stay. On August 10, 1987, the debtors also filed with the Court and served upon Rockwell their declaration of intention to surrender the above vehicles to Rockwell as required by 11 U.S.C. § 521(2)(A).

Thereafter, on September 3, 1987, the debtors' counsel received a call from Mr. Kincaid of Rockwell seeking to discover where the debtors were keeping the collateral securing Rockwell's claim. Kincaid was advised that both vehicles were at the debtors' residence and that the debtors would be surrendering the vehicles on or before September 24, 1987 in accordance with the provisions of the Bankruptcy Code.

The following morning, September 4, 1987, two of Rockwell's employees appeared at the debtors' residence and attempted to repossess the liened vehicles. Those employees also threatened the debtors with certain actions in their bankruptcy and indicated an ability to collect any deficiency balances remaining on Rockwell's claim after the cars were sold, notwithstanding the debtors' bankruptcy, if the debtors did not reaffirm the entire balance of Rockwell's claim. Rockwell did not attempt to obtain relief from the automatic stay imposed by 11 U.S.C. § 362(a) prior to attempting to repossess the debtors' vehicles or prior to September 24, 1987, the date for required surrender of the vehicles to Rockwell.

As a result of Rockwell's activities, debtor Keith Grace, on September 4, 1987, lost one (1) hour of temporary employment, valued at $4.00. In addition, Keith Grace lost two and one-half (2½) hours of work from his current employment where he is earning $10.00 per hour to attend the hearing on January 7, 1988. Further, Julie Grace, who became employed after September 4, 1987, lost four (4) hours from her job where she is earning $6.00 per hour to attend the hearing on January 7, 1988. Both debtors also suffered considerable emotional stress from the actions of Rockwell's agents.

## CONCLUSIONS OF LAW

When the debtors filed their petition for relief pursuant to Chapter 7 of the Bankruptcy Code, the automatic stay of 11 U.S. C. § 362(a) became effective. That automatic stay continued until the property against which the creditor sought to enforce its liens was no longer property of the estate or until the creditor obtained relief from stay in accordance with 11 U.S.C. § 362(e). See 11 U.S.C. § 362(c)(1).

■ The debtors' vehicles were property of their bankruptcy estate and had not been abandoned by the trustee. These vehicles were also collateral securing the claim of Rockwell.

Pursuant to their statement of intention, the debtors were required to surrender the collateral securing Rockwell's claim within forty-five (45) days after August 10, 1987, the date the statement was filed. The forty-fifth (45th) day after the notice of intent was filed would have been Thursday, September 24, 1987. The requirement to file that statement and to surrender the collateral within forty-five (45) days of that filing did not alter the debtors' rights to retain the collateral until that period had passed on September 24, 1987, absent other direction from the Court. 11 U.S.C. § 521(2)(C).

■ Rockwell received actual notice of the debtors' case. As a result, the stay of Section 362(a) was effective against Rockwell and prohibited certain actions. Rockwell's attempted repossession of the vehicles was an action included within the scope of the prohibition. Such action,

therefore, was a violation of 11 U.S.C. § 362(a)(3). In addition, the threats made by Rockwell's employees were prohibited by 11 U.S.C. § 362(a)(6).

 One purpose of the Bankruptcy Reform Act of 1978 was to codify prohibition of this kind of harassment to debtors. This Court feels strongly that the type of behavior exhibited by Rockwell, through its employees, should not be tolerated and is inappropriate. Further, it is forbidden by statute, and sanctions are prescribed for intentional or willful violation thereof. Violations of 11 U.S.C. § 362(a) after receipt of notice of the debtors' bankruptcy may be willful violations which give rise to a right in the debtors to recover damages pursuant to 11 U.S.C. § 362(h). *Better Homes of Va., Inc. v. Budget Services Co. (In re Better Homes of Va., Inc.),* 52 B.R. 426 (Bankr.E.D.Va.1985), *aff'd* 804 F.2d 289 (4th Cir.1986).

Based upon the uncontested evidence, the Court finds that Rockwell willfully violated the provisions of the automatic stay and thereby caused damage to these debtors. Accordingly, the debtors are awarded their actual damages in the amount of $53.00 for lost wages, their reasonable attorney fees in the amount of $1,200 and $22.50 for the attorney's expenses. Additionally, the debtors are awarded exemplary damages in the amount of $250.00.

It is hereby further ordered that Rockwell shall tender to the debtors, through their counsel, Robert M. Hoskinson, at his office located at 5330 E. Main Street, Suite 100, Columbus, Ohio 43213, the total damages awarded herein in the amount of $1,525.50 within twenty (20) days of service of this Order.

IT IS SO ORDERED.