562 So.2d 473 (1990)
Elaine HAWTHORNE, Plaintiff,
v.
NATIONAL UNION FIRE INSURANCE COMPANY, and Charter Marketing Company, Defendants-Appellees,
Michael B. Miller, Intervenor-Appellant.
No. 88-1394.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
Miller & Miller, Michael B. Miller, Crowley, for intervenor-appellant.
Jeansonne & Briney, Karl Robicheaux, Wm. F. Page, Lafayette, for defendants-appellees.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
DOMENGEAUX, Chief Judge.
Michael B. Miller, the plaintiff's discharged attorney, intervened in this worker's compensation suit to recover attorney's fees and expenses, naming as defendants-in-intervention his former client, Elaine Hawthorne, as well as the defendants in the principal demand, Charter Marketing Company and National Union Fire Insurance Company. The trial judge granted a motion for summary judgment filed by Charter Marketing and National Union, and intervenor has appealed.

FACTS
On May 2, 1986, Elaine Hawthorne filed suit alleging she sustained a work related injury while employed by defendant, Charter Marketing Company. She also named *474 National Union Fire Insurance Company as a defendant. Miller represented Hawthorne in the prosecution of this claim through January of 1988, when he filed a motion to withdraw as plaintiff's counsel of record, alleging inter alia that the plaintiff had terminated his services.
On February 5, 1988, Miller filed his petition of intervention, alleging Hawthorne, Charter Marketing and National Union were liable to him for the maximum attorney's fees allowed under the worker's compensation statutes and also for expenses of $400.00. He further argues that Charter Marketing and National Union are also liable to him for attorney's fees owed for their arbitrary and capricious handling of the plaintiff's claim.
On June 13, 1988, Hawthorne, then represented by attorney T. Barrett Harrington, Charter Marketing and National Union filed a joint petition to settle this claim for $4,500.00. Although the settlement was rejected by the Office of Worker's Compensation, it was approved by a district judge, who then signed a judgment dismissing Hawthorne's claim with prejudice. At that time, the judge took no action regarding Miller's intervention.
Hawthorne did not answer Miller's intervention. Defendants Charter Marketing and National Union, filed a general denial and then sought to be dismissed on summary judgment. They argue Miller has no right to proceed against them for his attorney's fees because he failed to file his contingency fee contract with the Clerk of Court, as required by La.R.S. 37:218. We agree.

ATTORNEY'S STATUTORY PROTECTION FOR FEES
La.R.S. 37:218 provides:
§ 218: Contract for fee based on proportion of subject matter; stipulation concerning compromise, discontinuance, or settlement.
A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Any party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or a client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made. (Emphasis provided).
B. The term "fee", as used in this section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.
In Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979), the Louisiana Supreme Court held this statute cannot be construed to authorize an attorney to acquire the actual ownership of a fixed percentage of his client's claim. The "interest in the subject matter of the suit" acquired by the attorney is no more than a privilege granted to aid the attorney's collection of a fully earned fee out of the fund which satisfies the plaintiff's claim. Saucier, at 117.
The filing and recordation language in the second and third sentences of the statute is not germaine to the existence of the attorney's privilege, which is created in the statute's first sentence. Hence, the contingency fee contract need not be recorded for the attorney's privilege to prime that of a seizing creditor of the plaintiff. Calk v. *475 Highland Construction and Manufacturing, 376 So.2d 495 (La.1979).[1]
However, the recordation requirement is applicable to the situation in the instant case, where the discharged attorney seeks to impose an obligation on the opposing parties in the main demand. As explained in Scott v. Kemper Insurance Company, 377 So.2d 66 (La.1979):
Unlike the situation in Calk, where recordation of the contingency fee contract is irrelevant in a contest between an attorney and the client's creditor, imposition of an obligation upon the client's obligor in the suit to retain settlement funds until determination of the fee entitlement, is dependent upon the attorney's full compliance with R.S. 37:218, including the recordation of a contract as stipulated therein. (Emphasis provided).
377 So.2d 66, 70.
The quoted language from Scott is consistent with the Supreme Court's earlier statement in Saucier that compliance with the statute creates a cause of action against the client and the opposing party for a legal, earned fee in the event of a settlement or other disposition without the attorney's consent. Saucier, at 117.
Miller filed his petition for intervention four months before the plaintiff settled her claim against Charter Marketing and National Union. However, at the hearing on the motion for summary judgment, Miller admitted he did not record his contract with the Clerk of Court.
The most recent case with analogous facts is Neely v. Hollywood Marine, Inc., 518 So.2d 1151 (La.App. 4th Cir.1987), reversed, 530 So.2d 1116 (La.1988), where the discharged attorneys intervened and filed their contingency fee contracts after settlement was executed, but before the plaintiff's action was dismissed. Applying Scott, the Fourth Circuit dismissed the intervention, holding that La.R.S. 37:218 required the contract to be filed and recorded before execution of the settlement. On appeal, the Supreme Court reversed, but on other grounds. We find nothing in the Neely majority opinion which disturbs prior jurisprudence.[2] As we read Saucier and Scott, recordation of the contract, and not the filing of an intervention, preserves the attorney's right against the opposing party. Because Miller did not comply with La.R.S. 37:218 he may not look to National Union and Charter Marketing for his fees and expenses.

ATTORNEY'S FEES UNDER LA.R.S. 23:1201.2
Miller additionally argues that he, as the plaintiff's attorney, may proceed directly against the defendants for attorney's fees owed under La.R.S. 23:1201.2 for the arbitrary and capricious denial of benefits. In support of this position he cites Cain v. Employers Casualty Company, 110 So.2d 108 (La.1959), which holds that attorney's fees awarded as a penalty belong to the attorney and not the employee.
Although Miller correctly states the holding of Cain, we find that decision is not applicable here. Cain involved a dispute between an attorney and client after a lower court had determined, on the merits, that attorney's fees as a penalty were in fact owed. Here, there has been no such determination. The plaintiff discharged Miller, and she then chose to settle her claim before trial.
This Circuit was confronted with a similar situation in Clark v. Aetna Life Insurance Company, 510 So.2d 1300 (La.App. 3rd Cir.1987), where a discharged attorney intervened in a worker's compensation suit to recover attorney's fees for the defendant's arbitrary and capricious failure to pay medical expenses. The employee's suit *476 was dismissed on an exception of prematurity, and the employee did not appeal that judgment. We held the dismissal of the principal demand also required the dismissal of the attorney's claim for any fees that may be due under La.R.S. 23:1201.2. Specifically, we stated:
In the present case the intervenor-discharged attorney cannot force his continued representation, nor obtain by any means a proprietary or ownership interest in the former client's claim. A discharged attorney has no right to interfere with his former client's suit. A litigant can voluntarily dismiss his claim or decide not to appeal a dismissal of his suit. The discharged attorney cannot step back into the shoes of his former client and take an appeal to try to maintain the client's action after such a dismissal. Such efforts would enable the discharged attorney to control his former client's suit thereby forcing his continued representation of the client.
510 So.2d 1300, 1304.
Miller's prosecution of his claim for attorney's fees would amount to the continued representation of his former client, which is forbidden by the Rules of Professional Conduct. See also Scott v. Kemper Insurance Company, supra.
Miller also argues the trial court erred in refusing to admit an affidavit supporting his contention that the defendants were arbitrary and capricious in their handling of plaintiff's claim. Such an affidavit is irrelevant in view of our above holding. The trial court committed no error in excluding the affidavit.

CONCLUSION
A motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Miller's admission that he failed to file his contract as required by La.R.S. 37:218 removes any genuine issue as to material fact; for the above reasons, movers are entitled to judgment as a matter of law.
For the above assigned reasons, the judgment of the trial court granting summary judgment in favor of Charter Marketing Company and National Union Fire Insurance Company is affirmed. Further, however, to the extent that the trial court judgment purports to dismiss Miller's incidental demand against Hawthorne, it is reversed, inasmuch as Hawthorne was not a party to this motion for summary judgment.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] See Calk, supra, for a detailed discussion of the legislative history of La.R.S. 37:218, as well as the jurisprudential developments which led to its enactment.
[2] Concurring in Neely, Justice Dennis argues that the filing of an intervention, with service on the defendant, before settlement should protect the attorney's privilege, regardless of the recordation of the contingency fee contract. However, his concurrence relies heavily on jurisprudence from other jurisdictions. We are bound to apply the law of this state, which, as we interpret it, requires strict compliance with La.R.S. 37:218.