**In re David TARDO.**

**Bankruptcy Appeal No. 92–869.**

United States District Court,
E.D. Louisiana.

Sept. 11, 1992.

Benjamin Casanas Toledano, Pass Christian, Miss., for appellant.

Jerry W. Sullivan, Halpern & Daigle, Metairie, La., for appellee.

WICKER, District Judge.

This is an appeal from an order of the Bankruptcy Court which found appellant Joseph Bernstein ["Bernstein"] in contempt and which had ordered him to pay one

ing of a discharge to the Debtor on July 26, 1989. In accordance with the conclusions of this Court, we vacate such notice.

thousand dollars ($1000) in legal fees and costs to the debtor, David Tardo ["Tardo"], d/b/a/ City of New Orleans for Visitors.

This bankruptcy appeal was submitted on briefs without oral argument on a former date.

After considering the briefs of counsel, the record and the applicable law, the Court now AFFIRMS the Bankruptcy Court.

The facts leading up to this appeal are the following:

Bernstein, as counsel for Dixie Webb Graphic Corporation ["Dixie"], initiated collection of a past due account owed by Tardo. Bernstein's representation was "on a contingent fee basis because the invoices being sued upon as well as LSA–R.S. 9:2781 provides for the debtor to be responsible for attorney's fees." (Appellee's Exhibit B.) On July 3, 1986, Bernstein obtained a judgment on behalf of Dixie in the Civil District Court for the Parish of Orleans, State of Louisiana, in a case entitled *Dixie Webb Graphic Corporation v. City of New Orleans for Visitors and David Tardo*, Docket # No 85–21062,[1] which was duly recorded in the Mortgage Office. (Appellee's Exhibit B.) The judgment was affirmed by the Fourth Circuit Court of Appeals, State of Louisiana on March 16, 1987.

On January 17, 1990, David Tardo filed for bankruptcy. Because of the state court judgment, Dixie was listed as a creditor. Bernstein was not listed as a creditor in the bankruptcy proceeding. On May 15, 1990, Tardo was discharged from all scheduled debts, including the *Dixie* judgment. Dixie was notified of the bankruptcy and filed no objection to the discharge. The bankruptcy case remains open.

Sometime later, Bernstein, after reading in the newspaper that Tardo was opening another business, called Dixie to ask about enforcing Tardo's unsatisfied judgment. At that time, Bernstein found out that Dixie, as Tardo's debtor, had been discharged in bankruptcy. Bernstein subsequently initiated a Writ of Fieri Facias in the earlier state court proceeding, submitting interrogatories as to Tardo's assets. Tardo filed a motion for contempt in Bankruptcy Court alleging that Bernstein was violating 11 U.S.C. § 362, the automatic stay provision.[2] After briefing and argument, the Bankruptcy Court held Bernstein in contempt for violating the stay and ordered him to pay Tardo's attorney's fees and expenses of $1000.[3] The Bankruptcy

---

1. The judgment read:

   Defendant, David Tardo, named defendant in the above entitled and captioned matter, having failed to appear and answer, and the legal delays in which to answer having elapsed and plaintiff making due proof of the claim herein.

   IT IS ORDERED ADJUDGED AND DECREED, that Plaintiff Dixie Web Graphic Corporation have judgment and recover against the Defendant David Tardo the sum of $5,177.09 together with interest thereon at the rate of 1½% per month from the date of said Invoice March 30, 1984, on the sum of $3,811.32 and until date of judicial demand and 1½% per month from June 13, 1984, on $1,365.77 until date of judicial demand and with judicial interest from date of judicial demand on both sums until paid, attorney's fees in the amount of 25% of the total unpaid amount to date together with costs of $126.67.

2. 11 U.S.C. § 362 provides in pertinent part:

   [A] petition filed under ... this title, ... operates as a stay applicable to all entities, of—

   (1) the ... continuation, including the issuance or employment of process, of a judicial ... action or proceedings against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

   \* \* \* \* \* \*

   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

3. Specifically, the Bankruptcy Court found that the judgment

   includes an award of attorney's fees as relief to which Dixie is entitled. In short, the client, as the judgment creditor, is awarded the attorney's fees.... As such, the judgment creditor entitled to notice in this bankruptcy proceeding was Dixie, not Mr. Bernstein. Dixie was properly notified of the bankruptcy proceeding, no objections were filed, and the debt was discharged. Accordingly, since no fees can be collected by Dixie because the debt has been discharged, Mr. Bernstein likewise has no claim for fees.

   The Bankruptcy Court noted in a footnote:

   The client, however, must pay the portion of the award for attorney's fees to the attorney.

Judge denied a subsequent motion for reconsideration.[4]

Appellant Bernstein essentially argues that his attempt to collect attorney's fees from the debtor in state court did not violate the Bankruptcy Court's automatic stay because, under Louisiana law, those fees belong to him, not to his client, and therefore he is a creditor of Tardo's estate. He further argues that because he had no notice of and was not scheduled as a creditor in the bankruptcy proceeding, the attorney's fee debt was not included in the Discharge Order. 11 U.S.C. § 523(a)(3);[5] *In re Levingston,* 119 B.R. 935 (Bankr. N.D.Miss.1990). In response, Tardo contends that Bernstein was not entitled to receive notice when Tardo filed his bankruptcy petition; that Bernstein was in contempt of court when he sought to enforce a debt discharged by order of the bankruptcy court; and that Bernstein was properly subject to the sanctions imposed by the Bankruptcy Court.

Under the law, the Bankruptcy Court's findings of fact shall not be set aside on appeal unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Bankr.Rule 8013. The bankruptcy court's conclusions of law, however, are freely reviewable. *In re Multiponics, Inc.,* 622 F.2d 709, 713 (5th Cir.1980). The district court must independently determine the correctness of the ultimate legal conclusion adopted by the bankruptcy judge on the basis of the facts found. *In re Hammons,* 614 F.2d 399, 403 (5th Cir.1980).

It is undisputed that the attorney's fee portion of the *Dixie* judgment was not separately scheduled and Bernstein was not listed as a creditor in the Tardo bankruptcy proceeding. However, under the facts and the law applicable to this case, the Court finds that Bernstein was not a creditor of the estate and therefore was not entitled to notice under the Act. The mere fact that he was Dixie's counsel in the state court proceeding did not make him a creditor of the estate. 11 U.S.C. § 101(10);[6] *In re Altair Airlines, Inc.,* 25 B.R. 223 (Bankr.E.D.Pa.1982), *rev'd on other grounds,* 727 F.2d 88 (3rd Cir.1984). Furthermore, Bernstein has no separate claim against Tardo, the debtor: "[a] 'claim' under the Bankruptcy Code requires some 'right to payment.'" *In re Continental Airlines Corp.,* 50 B.R. 342 (S.D.Tex.1985), *aff'd,* 790 F.2d 35 (5th Cir. 1986). Under the facts of this case, Bernstein has no right to payment of attorney's fees from Tardo directly. Bernstein was not a party to the lawsuit to collect the debt that Tardo owed Dixie and was not named in the state court judgment as a judgment creditor of Tardo. *Mitchell v. Zeringue,* 497 So.2d 19 (La.App. 5th Cir. 1986); *Vicknair v. Home Indem.,* 273 So.2d 542 (La.App. 1st Cir.1973). Of course, had Dixie received payment on its judgment against Tardo, Dixie would have been required to pay the attorney's fees to Bernstein. La.R.S. 9:5001.[7] However, La.

---

To protect the attorney's interest, the attorney has a special privilege under La.Rev.Stat. Ann § 9:5001. The attorney's right to collection of his fees does not automatically provide the attorney with an action against the judgment debtor. *See Hawthorne v. National Union Fire Ins. Co.,* 562 So.2d 473, 475 (La.App. 3d Cir.), *cert. den.,* 567 So.2d 103 (La.1990).

**4.** In denying Bernstein's motion for reconsideration, the Bankruptcy Judge directed counsel to the cases of *In re Bell,* 5 B.R. 653, 655 (Bankr. W.D.Okla.1980) and *Du Phily v. Du Phily,* 52 B.R. 971, 978 (Bankr.Del.1985) for the proposition that the dischargeability of ancillary obligations such as attorney's fees turns on the dischargeability of the underlying debt.

**5.** 11 U.S.C. § 523 (Exceptions to discharge) provides in pertinent part:

(a) A discharge ... does not discharge an individual debtor from any debt—
(3) neither listed nor scheduled under section 521(a) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, ...

**6.** 11 U.S.C. § 101(10) provides in pertinent part:
"creditor" means—
(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.

**7.** La.R.S. 9:5001 Privilege for fees provides:

A. A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby,

R.S. 9:5001 only gives to an attorney a first privilege; it does not make the attorney a creditor with the right to proceed directly against the judgment debtor for collection of attorney's fees apart from the collection of the debt. See *Hawthorne v. National Union Fire Ins. Co.*, 562 So.2d 473, 475 (La.App. 3d Cir.), *cert. den.*, 567 So.2d 103 (La.1990).

To argue that he had the right to collect his fees from Tardo, even though Dixie, the named judgment creditor, has been discharged in bankruptcy, Bernstein relied on the Louisiana principle that attorney's fees awarded as a penalty belong to the attorney and not to the client. *Cain v. Employers Casualty Company*, 236 La. 1085, 110 So.2d 108 (1959); *First Secur. Bank & Trust Co. v. Dooley*, 535 So.2d 898 (La.App. 2d Cir.1988); *Walker v. Investment Properties, Ltd.*, 507 So.2d 850 (La.App. 5th Cir.), *cert. den.*, 513 So.2d 293 (La. 1987); *General Invest., Inc. v. Thomas*, 422 So.2d 1279 (La.App. 5th Cir.1982); *Jefferson Bank & Trust Co. v. Post*, 312 So.2d 907 (La.App. 4th Cir.), *cert. den.*, 318 So.2d 41 (La.1975). However, none of these cases give an attorney a separate right of action against the debtor for attorney's fees. Furthermore, although *In re Bell, supra* and *Du Phily, supra* involve attorney's fees earned in a domestic dispute, the principle that attorney's fees are ancillary obligations which stand or fall with the primary debt was not limited to domestic situations[8] and is applicable to the case at bar.

Under the facts of this case, Bernstein agreed to pursue collection of the outstanding invoices on a contingency fee basis. (Bernstein's affidavit, Appellee's Exhibit

B.)[9] Therefore his collection of attorney's fees was contingent on Dixie's collecting the debt and, like the fees in the cases cited by the Bankruptcy Court, was clearly ancillary to the principal obligation. Dixie will never collect the debt since it has been discharged in bankruptcy. Since there is no principal obligation, the attorney's fee or ancillary obligation falls as well.

█ Finally, the Court finds that the sanctions imposed are appropriate. 11 U.S.C. § 362(h). Bernstein had actual notice of Tardo's bankruptcy petition before filing his Writ of Fieri Facias in state court. *Homer Nat. Bank v. Namie*, 96 B.R. 652 (Bankr.W.D.La.1989); *In re Hebert*, 61 B.R. 44 (Bankr.W.D.La.1986). See also *In re Kilby*, 100 B.R. 579 (Bankr. M.D.Fla.1989); *In re Lile*, 103 B.R. 830 (Bankr.S.D.Tex.1989). Bernstein's failure to request leave from the Bankruptcy Court before filing the Writ in state court contravenes both the language and the policy of the automatic stay. When Bernstein failed to do so, he took a calculated risk of being held in contempt. *University Medical Center v. Sullivan*, 125 B.R. 121 (Bankr.E.D.Pa.1991); *In re Gray*, 97 B.R. 930 (Bankr.N.D.Ill.1989); *In re Pody*, 42 B.R. 570 (Bankr.N.D.Ala.1984). A citation for contempt is appropriate for violations of the automatic stay. *In re Computer Communications*, 824 F.2d 725 (9th Cir. 1987); *In re Stonegate Sec. Services, Ltd.*, 56 B.R. 1014 (Bankr.N.D.Ill.1986). This Court also finds appropriate the amount imposed by the Bankruptcy Court. See e.g. *Mercer v. D.E.F., Inc.* 48 B.R. 562 (Bankr.Minn.1985); *In re Grace*, 85 B.R.

---

either as plaintiff or defendant, to take rank as a first privilege thereon.

B. The term "professional fees", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

**8.** *Du Phily v. Du Phily*, 52 B.R. 971, 978 (Bankr. Del.1985); *In re Sposa*, 31 B.R. 307 (Bankr. E.D.Va.1983); *In re Mineer*, 11 B.R. 663 (Bankr. Colo.1981); *In re Bell*, 5 B.R. 653, 655 (Bankr.

W.D.Okla.1980); *Smith v. Smith*, 7 F.Supp. 490 (W.D.N.Y.1934).

**9.** Bernstein's counsel states at p. 4 of the Reply Brief that "This is not a contingency fee case." However, Bernstein in his affidavit states as clearly,

This representation [collection of a past due account owed by David Tardo, d/b/a City of New Orleans for Visitors] was on a contingent fee basis because the invoices being sued upon as well as LSA–R.S. 9:2781 provides for the debtor to be responsible for attorney's fees.

464 (Bankr.S.D.Ohio 1988); *In re Everett,* 127 B.R. 781 (Bankr.E.D.N.C.1991).

Accordingly, and for the foregoing reasons,

IT IS ORDERED, ADJUDGED and DECREED that the decision of the Bankruptcy Court BE and IT IS hereby AFFIRMED.