DOUCET, Judge.
Plaintiff-Appellant, Freddie Wayne Clark, was injured in an accident while in the course and scope of his employment and subsequently retained appellee, William H. Sanders, as his attorney. Suit followed, with multiple parties made defendants, seeking recovery on numerous claims, including workmen’s compensation, products liability and insurance claims. At the time of the suit appellant was already receiving weekly workmen’s compensation benefits, however, the computation and duration of such benefits were disputed, and medical debts incurred due to the injury remained outstanding. Thereafter the workmen’s compensation claim was voluntarily dismissed without prejudice. Two years later, plaintiff became disgruntled with the slow developments of the remaining litigation and his lawyer’s insistence upon him paying for a medical report despite contract provisions to the contrary in the attorney-client agreement. Accordingly, he discharged Mr. Sanders and requested his file be made available for the succeeding attorney. Sanders responded with a Petition of Intervention wherein he sought to be “dismissed as counsel of record for Mr. Clark in such wise that Ford and Nugent, Mr. Clark’s present attorneys may appear as counsel of record”, and further sought attorney’s fees and costs according to his contract of employment [1] and quantum meruit and a lien *1188 in preference and priority securing same. Additionally, Sanders, as intervenor, claimed a lien and commitment on behalf of the medical creditors as to all such costs incurred, being of the belief that under Texas law he would be personally responsible if he failed to see that said bills were paid. Appellee-intervenor thereafter secured a default judgment which was duly confirmed. Said judgment ordered plaintiff to pay intervenor $19.00 per week for a period of 496 weeks and thereafter an amount of $9.50 per week out of each workmen’s compensation check received by plaintiff. It was further ordered that plaintiff pay intervenor $3,424.50 as costs incurred by intervenor incidental to his representation, and a privilege was recognized upon any sums received by plaintiff in the amount of all medical expenses incurred as a result of the injury.
From that judgment plaintiff has timely perfected this devolutive appeal and filed a peremptory exception, wherein he alleges that the succeeding attorney is an indispensable party to any action by a terminated attorney to collect a contingent fee, and the failure to join the succeeding attorney renders the proceedings fatally defective, requiring remand.[2] We find merit in appellant’s peremptory exception and accordingly vacate the judgment rendered and remand.
In Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979) on rehearing, our Louisiana Supreme Court held that a terminated attorney is obligated to name the succeeding attorney as an indispensable party in an action to recover attorney’s fees inasmuch as the issue of attorney fees was to be resolved by allocation between attorneys of the highest ethical contingent fee to which client had agreed. We find the present case indistinguishable from Saucier. In both cases the client’s case had not been pursued to a proper conclusion when the original attorney was discharged. Appellee was fully aware of plaintiff’s retainment of counsel, Ford and Nugent, following his discharge, nonetheless he failed to name them as parties to his intervention action. It makes little difference that the award received in the present case was statutory, indeed the maximum allowable, rather than the percentage agreed upon as in Saucier, since the statute sets the highest ethical fee. Appellee has cited no law and makes no argument suggesting a contrary result.
Accordingly, we grant the appellant’s peremptory exception. The failure to join an indispensable party to an action may be noticed at the appellate level. LSA-C.C.P. Art. 645.[3]
For the reasons assigned, the judgment appealed is reversed and set aside without prejudice, and the case remanded with all *1189 costs of this appeal taxed to intervenor-ap-pellee.
REVERSED AND REMANDED.

. The contract provided in pertinent part:
“As a consideration for legal services rendered and to be rendered, client agrees to this assignment of interest under the provisions of R.S. 37:218 and R.S. 9:5001, as a contingent interest in said claims in the following percentages:
A) 50% of recovery realized through compromise and without the necessity of filing suit.
B) 50% in the event that suit is filed
*1188 C) 50% in the event of appeal
If a claim for Workmen’s Compensation is made, I agree to pay the statutory fee and all legal expenses incurred.
It is further agreed that the Attorney will advance all costs of litigation, investigation, depositions, pictures, models and other trial preparations. The Attorney shall be reimbursed all such reasonable and necessary expenses incurred, including all expenses of preparation for trial and for litigation out of any recovery made whether by compromise or litigation.
The Attorney is hereby given consent of the client to authorize him to dismiss, with prejudice, any suit he may have filed on his behalf at his discretion.
This assignment of interest and contract of employment may only be terminated by written mutual consent. Neither client nor attorney shall have right to release, settle, transact or compromise any demand, claim, suit or action, pursuant to this agreement without the written consent of all parties of this agreement.”

. Appellant also assigns as error the trial court’s award of attorney’s fees beyond the date of his termination, and the award in favor of the medical creditors inasmuch as the attorney-client contract drawn by intervenor was silent as to recovery by the attorney for medical expenses incurred by the client but not paid by the attorney. However, due to the result reached herein we need not address these issues.

. The pertinent part of Article 645 reads:
“The failure to join an indispensable party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion.”