# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-55

**MARCUS HEBERT**

**VERSUS**

**LIBERTY MUTUAL INSURANCE COMPANY, ET AL**

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. C-20163126
HONORABLE VALERIE GOTCH GARRETT, DISTRICT JUDGE

***********

**SYLVIA R. COOKS**
**CHIEF JUDGE**

***********

Court composed of Sylvia R. Cooks, Chief Judge, John E. Conery and Charles G. Fitzgerald, Judges.

**REVERSED AND REMANDED, WITH INSTRUCTIONS.**

Michael B. Miller
Jacqueline K. Becker
Miller & Associates
P.O. Drawer 1630
Crowley, LA  70527-1630
(337) 785-9500
COUNSEL FOR INTERVENORS/APPELLANTS:
      Miller & Associates


Lance Beal
600 Jefferson Street, Suite 810
Lafayette, LA  70501
(337) 991-6263
COUNSEL FOR APPELLEE:
      Marcus Hebert

**Carl Rachal**
**Bart Bernard**
**1031 Camelia Boulevard**
**Lafayette, LA  70508**
**(337) 989-2278**
**COUNSEL FOR APPELLEE:**
**Bart Bernard**

**COOKS, Chief Judge.**

Marcus Hebert was involved in an automobile accident on July 1, 2015. Mr. Hebert sought to retain legal counsel to pursue both personal injury and worker's compensation claims stemming from the injuries he sustained. According to Mr. Hebert, he hired Bart Bernard Personal Injury Law Firm on July16, 2015 to represent him in pursuing his personal injury case. On June 10, 2016 a "Petition for Damages" was filed on behalf of Mr. Hebert by the Bart Bernard Personal Injury Law Firm.

Mr. Hebert testified he was called on July 16, 2015 (the same day he hired the Bart Bernard firm) by Jacqueline Becker of Miller & Associates, who offered to represent him in pursuing his personal injury and worker's compensation claims. Mr. Hebert maintained he told Ms. Becker that the Bart Bernard firm was handling his personal injury claim, but he would consider letting Miller & Associates handle his worker's compensation claim. According to Mr. Hebert, he agreed to let Miller & Associates handle his worker's compensation claim and executed paperwork reflecting that on August 13, 2015. However, on that date Mr. Hebert also signed a "Retainer Contract" with Miller & Associates for the claim "arising out of [the] automobile accident of July 1, 2015." The Retainer Contract provided Miller & Associates was to receive thirty-three and one-third (33 1/3%) of whatever gross amount is collected" as well as an "additional ten (10%) percent of whatever gross amount is collected by settlement or judgment." Mr. Hebert stated on that date he simply signed whatever paperwork Miller & Associates asked him to sign, maintaining he never willingly or knowingly agreed to allow Miller & Associates to represent him on his personal injury claim.

Miller & Associates insist Mr. Hebert retained it to represent him in pursuing both his personal injury and worker's compensation claims arising out of the July 1, 2015 accident. Miller & Associates maintain it represented Mr. Hebert until July 6, 2016, when he terminated the firm as his legal representative in his pending personal

injury suit. According to Miller & Associates, this was the first time it received notice that Bart Bernard's firm had been retained to represent Mr. Hebert. Miller & Associates also noted it was eventually terminated as well from representing Mr. Hebert on his worker's compensation claim on July 13, 2020.

Claiming to possess a legal interest in the subject matter of the pending personal injury litigation, Miller & Associates filed a Petition for Intervention on January 16, 2020. Specifically, Miller & Associates maintained it was entitled to a "lien on the case and on any settlement proceeds from [the] personal injury claim, . . . attorney's fees pursuant to La.R.S. 37:218 for the work done on the personal injury claim, . . . [and] reimbursement of advances and expenses made on behalf of Marcus Hebert." In February 2020, an Answer to the Petition of Intervention was filed on behalf of defendants Brad Person (the driver of the negligent vehicle), Gulf South Pipeline Company (the employer) and Liberty Mutual Insurance Company (the insurer).

On July 30, 2020, Miller & Associates filed a First Supplemental and Amending Petition for Intervention adding Marcus Hebert as a defendant in intervention. On October 7, 2020, Marcus Hebert, through his counsel, the Bart Bernard firm, filed an answer to the First Supplemental and Amending Petition for Intervention, asking that it be dismissed because "Miller & Associates never represented Marcus Hebert in any personal injury matter." Attached to the Answer was an affidavit from Marcus Hebert. In it, Mr. Hebert attested he "hired Bart Bernard on July 16, 2015 to handle my third-party claim resulting from the July 1, 2015 accident." He further stated:

> I was called by Miller & Associates on my way home from signing the Bart Bernard contract to represent me for my third-party claim on July 16, 2015, and was asked by Jacqueline Becker to let Miller & Associates represent me in both my personal injury case and worker's compensation case. On that phone call, I told her that Bart Bernard was handling my third-party claim, and not them, but I would consider letting them handle my worker's compensation claim. After meeting

with Chris Phillip, a worker's compensation lawyer, and after further contact from Miller & Associates, I decided to let Miller & Associates handle only my worker's compensation claim, instead of Chris Phillip.

While at Miller & Associates, they had me sign several documents. I never knew until much later that I signed a document to allow Miller & Associates to represent me in my third-party claim. Miller & Associates never gave me copies of any of the paperwork that I signed that day, nor did they explain to me that I was signing a third-party contract, if I did, because I never would have signed it.

Pursuant to the Petition for Intervention, Miller & Associates propounded discovery, requesting a copy of Mr. Hebert's file from the Bart Bernard firm. In conjunction with this request, Miller & Associates filed a Motion to Compel on September 23, 2020. Mr. Hebert opposed the Motion to Compel and requested that the court dismiss the Motion for Intervention. A hearing on the Motion to Compel was held on November 2, 2020. After a hearing with exhibits and testimony, the trial court granted the Motion to Compel, ordering Mr. Hebert to produce any requested documents within thirty days. Mr. Hebert filed a Notice of Intent to Apply for Supervisory Writs. He did not request a stay of the proceedings. When no documents were produced, Miller & Associates filed a Motion for Sanctions.

On November 30, 2020, Mr. Hebert filed a Motion to Dismiss all claims against defendants Brad Person, Gulf South Pipeline Company and Liberty Mutual Insurance Company, indicating a settlement had been reached between the parties. Despite its standing as an intervenor, Miller & Associates was not involved, nor notified, of any aspect of the settlement reached between Mr. Hebert and the named defendants. An Order granting the Motion to Dismiss was signed by the trial court on December 1, 2020.

While the Motion for Sanctions was pending, the prior trial judge (Judge Edwards) retired and a new trial judge (Judge Garrett) began presiding over the case. The Motion for Sanctions was reset and the trial court fixed a status conference for June 17, 2021.

On March 9, 2021, Mr. Hebert filed a Peremptory Exception of No Right of Action, contending Miller & Associates has no right of action against him because no attorney-client relationship ever existed between the two on any personal injury claim. An order was signed by the trial court on May 3, 2021 directing Miller & Associates to show cause why the exception of no right of action should not be sustained.

After Mr. Hebert settled his personal injury claims against defendants and the settlement funds were disbursed, Miller & Associates filed a "Second Supplemental and Amending Petition of Intervention and Motion for Leave to Amend Petition to Join Indispensable Party" on July 11, 2021, seeking to add Bart Bernard as an indispensable party since the tort case had been settled and the settlement funds received were in the possession of Bart Bernard. The trial court signed the Motion to Amend on July 14, 2021, adding Bart Bernard as a party to Miller & Associates' attorney fee intervention claim. Bart Bernard filed an Answer to the Petition of Intervention and Exceptions.

On August 2, 2021, Miller & Associates again requested a hearing on its pending Motion for Sanctions because of the failure to comply with the court ordered discovery. A hearing was set for September 27, 2021. After the attorneys appeared before the trial court on that date, without evidence introduced or briefs filed in opposition, the trial court in a judgment rendered on October 6, 2021, vacated the previous discovery order and struck the previously signed motion for leave to amend that added Bart Bernard as an indispensable party. The trial court's judgment stated in pertinent part:

> Intervenors were before the court on November 2, 2020 on a Motion to Compel Responses to Discovery. A Judgment on the Rules was granted by Judge Jules Edwards, III, ordering the requested documents be granted within 30 days. This ruling is improper as Intervenor's request were for the entirety of Plaintiff's personal injury file from his attorney at the time, Bart Bernard.

After hearing the testimony of the parties and the evidence presented,

IT IS ORDERED that the Judgment signed on November 2, 2020 is hereby vacated as it was improperly granted. When a ruling is granted improperly the court has the authority and is obliged "to correct his previous error by vacating and recalling the previous order." *Templet v. Johns*, [417 So.2d 433 (La.App. 1 Cir.1982), *writ denied*, 420 So.2d 981 (La.1982)] Intervenors are not entitled to the entirety of Plaintiff's file in as such it would [violate] attorney-client privilege and it was too broad a request.

IT IS FURTHER ORDERED the "Motion for Leave to Amend Petition to Join Indispensable Party," signed on July 14, 2021 is hereby stricken from the record in as such it was inadvertently signed by this Court. Pursuant to [La.Code Civ.P.] art. 1041 the motion for leave to amend petition to join Bart Bernard as an indispensable party has prescribed as more than 90 days had passed since the filing of Intervenors "Petition of Intervention on January 1, 2020.

From that judgment, Miller & Associates appeals, asserting the following assignments of error:

1. The trial court legally erred in striking Bart Bernard, a necessary and indispensable party from the suit and in finding that the claims against Bart Bernard had prescribed;

2. The trial court legally erred in vacating the entire discovery judgment signed November 2, 2020 without any legal basis to do so;

3. The trial court erred in holding a hearing on September 27, 2021 without notifying the parties as to the nature of the hearing and without allowing the parties the opportunity to bring witnesses, introduce evidence, subpoena and/or call witnesses, file briefs and present arguments when she struck Bart Bernard as a party from the suit and when she vacated the judgment signed November 2, 2020, depriving Miller of due process;

4. The trial court erred in refusing to allow Miller a hearing on Hebert's Motion for Sanctions and in preventing Miller from obtaining any discovery previously ordered by Judgment signed November 2, 2020.

## ANALYSIS

We note initially Bart Bernard claims there is no appellate jurisdiction because there is no final judgment in this matter and in order to exercise the right to appeal there must be a final judgment. La.Code Civ.P. art. 2083(A). We disagree. The portion of the October 6, 2021 judgment dismissing Bart Bernard as a party to the

suit premised on a holding that the claims against him had prescribed is a final judgment properly before this court on appeal. The dismissal of a party cannot be amended or altered to change its substance. La.Code Civ.P. art. 1951. Thus, the dismissal of Bart Bernard is clearly a final judgment properly before this court.

While Mr. Hebert alleges it was not his intent to retain Miller & Associates to pursue his personal injury claim, there are certain relevant facts which are undisputed by Mr. Hebert. He acknowledges signing a "Retainer Contract" accepting Miller & Associates as his legal representative to pursue his personal injury claim, although he maintained he was unaware that he did so. There also is no dispute that Miller & Associates filed a Petition of Intervention against defendants on January 16, 2020, asserting it possessed a "lien on the case and on any settlement proceeds" derived from the personal injury claims of Mr. Hebert. The petition for intervention was subsequently amended to add both Mr. Hebert and Bart Bernard as defendants in intervention. All defendants in intervention filed answers to the intervention. They were fully aware of Miller & Associates' pending claim as an intervenor.

Despite knowing Miller & Associates filed an intervention petition, a settlement was negotiated between defendants and the Bart Bernard firm on Mr. Hebert's behalf with no participation from or notification given to Miller & Associates. After Mr. Hebert settled his claims against defendants and the settlement funds were disbursed, Miller & Associates then filed a Motion for Leave to Amend its petition of intervention to add Bart Bernard as an indispensable party to the proceedings, as he was the attorney who represented Mr. Hebert in the settlement negotiations and had control and possession of the settlement funds. The Motion for Leave to Amend was granted by the trial court on July 14, 2021, before being stricken in the October 6, 2021 judgment as "inadvertently signed" and Miller & Associates petition for intervention was dismissed entirely after Judge Garrett found

it "prescribed as more than 90 days had passed since the filing of Intervenors 'Petition of Intervention' on January 1, 2020."[1] We find the law does not support the action taken by the trial court in the October 6, 2021 judgment.

The Petition of Intervention filed by Miller & Associates is an incidental demand. Louisiana Code of Civil Procedure Article 1033 provides "[A]n incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092." In the October 6, 2021 judgment, the trial court relied on La.Code Civ.P. art. 1041 to find the motion for leave to amend was prescribed. That article provides:

> An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.

We find the trial court's reliance on this article misplaced. The Louisiana Supreme Court made clear in *Reggio v. E.T.I.*, 07-1433, p. 2 (La. 12/12/08), 15 So.3d 951, 952, "it is well settled that prescription does not commence on a claim for indemnity or contribution until the party seeking it has sustained a loss, either through payment, settlement or an enforceable judgment." In *Reggio*, the court also noted that "[La.Code Civ.P.] art. 1067 (which has since been renumbered La.Code Civ.P. art. 1041) is an *exemption* rather than a *prescriptive* statute. Thus, if the action had not or could not have prescribed because the cause of action had not yet accrued, the time limitations of article [1041] would not apply." *Id.* at 957. The court explained:

> An action for indemnity is a separate substantive cause of action, arising at a different time, independent of the underlying tort, with its own prescriptive period. This Court defined "indemnity" in *Nassif v. Sunrise Homes, Inc.*, 98-3193, pp. 2-3 (La.6/29/99), 739 So.2d 183, 185:
>
>> Indemnity ... means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed.... It is based on the principle that everyone is responsible

---

[1] We note the Petition of Intervention was actually filed on January 16, 2020.

for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. [Citations omitted].

*Id.* at 955. Here, the attorney fee dispute between Miller & Associates and Bart Bernard and his firm, though incidental, is entirely independent from the underlying tort claim Mr. Hebert had against the tort defendants. The court in *Reggio* stated as follows:

In sum, we find that the prescriptive period on a claim for indemnity does not begin to run until NOAB is cast in judgment, regardless of the applicable theory of indemnity. . . The action for indemnity does not accrue until the City of New Orleans is responsible for a judgment, or actually discharges a liability for which NOAB is responsible. Thus, NOAB's action against ETI is neither premature nor prescribed.

*Id.* at 958.

Like indemnity claims, Miller & Associates' attorney fee claim was not actionable nor enforceable until the settlement of Mr. Hebert's tort claim occurred and the contingency fees came due and exigible. As the Louisiana Supreme Court explained in *Saucier v. Hayes Dairy Products*, 373 So.2d 102, 105 (La.1978), "[a] contingent fee contract is a contract for legal services in which the attorney's fee depends upon success in the enforcement of the client's claim." The Petition for Intervention was filed on January 16, 2020, which was well in advance of the settlement negotiated by the Bart Bernard firm on behalf of Mr. Hebert on November 30, 2020. Prescription could not begin to run prior to execution of the settlement.

Miller & Associates also argues that Article 1041 does not apply in this case which involves a necessary and indispensable party. Louisiana Code of Civil Procedure Article 641 governs joinder of a necessary and indispensable party and provides:

A person shall be joined as a party in the action when:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Notably, La.Code Civ.P. art. 645 specifically provides that "[T]he failure to join a party to an action may be pleaded in the peremptory exception, *or may be noticed by the trial or appellate court on its own motion*. (Emphasis added.) Similarly, La.Code Civ.P. art. 927(B) provides "[T]he nonjoinder of a party, . . . , *may be noticed by either the trial or appellate court on its own motion.*" (Emphasis added)

The Bart Bernard firm and Bart Bernard are indispensable parties who Miller & Associates sought to join in this case. In the landmark case of *Saucier v. Hayes Dairy Products*, 373 So.2d 102 (La. 1979) (on rehearing), a client discharged his attorney before a case was settled and subsequently hired another attorney. The discharged attorney filed a Petition for Intervention based on a written contract between he and the client for legal representation. Relevant to this case is the court's holding that the non-discharged attorney was an indispensable party who must be joined in the proceedings. The *Saucier* court remanded the case to the trial court to join the non-discharged attorney as an indispensable party for a proper adjudication of the matter. The court stated:

> At this time the second attorney, his fee contract and the amount and character of his services are not before the Court. It is therefore evident that adjudication of this matter upon remand in accordance with the principles enumerated herein cannot be accomplished without joinder of this indispensable party. [La.Code Civ.P.] arts. 641, 645 and 927.

> On remand of these proceedings the trial court should require that the second attorney be joined as an indispensable party for a full and proper adjudication of this entire matter.

> This Court should not and will not countenance the payment of duplicitous and/or excessive fees. Nor will we allow the first attorney

to be denied payment of the fee to which he is entitled. Therefore, if the second attorney has already collected his contingent fee, and if the client, Mr. Saucier, asserts his right to recover from the second attorney the money paid to which the attorney is not entitled, that second attorney should be ordered to restore the same to Mr. Saucier as having been a payment of a thing not due. La.Civ.Code art. 2301. The second attorney, along with the first attorney, will then be accorded the opportunity to establish his right to receive an appropriate apportionment of the one contingent fee owed by Mr. Saucier for legal services rendered in connection with his claim.

*Id*. at 119.

Similarly, in *Clark v. Aetna Life Insurance Co.*, 410 So.2d 1187 (La.App. 3 Cir.1982), this court, relying on *Saucier*, noted the requirement that both attorneys in a fee dispute are indispensable parties. This court stated:

[P]laintiff . . . alleges that the succeeding attorney is an indispensable party to any action by a terminated attorney to collect a contingent fee, and the failure to join the succeeding attorney renders the proceedings fatally defective, requiring remand. We find merit in appellant's peremptory exception and accordingly vacate the judgment rendered and remand.

In *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La.1979) on rehearing, our Louisiana Supreme Court held that a terminated attorney is obligated to name the succeeding attorney as an indispensable party in an action to recover attorney's fees inasmuch as the issue of attorney fees was to be resolved by allocation between attorneys of the highest ethical contingent fee to which client had agreed. We find the present case indistinguishable from *Saucier*. In both cases the client's case had not been pursued to a proper conclusion when the original attorney was discharged. Appellee was fully aware of plaintiff's retainment of counsel, Ford and Nugent, following his discharge, nonetheless he failed to name them as parties to his intervention action. It makes little difference that the award received in the present case was statutory, indeed the maximum allowable, rather than the percentage agreed upon as in *Saucier*, since the statute sets the highest ethical fee. Appellee has cited no law and makes no argument suggesting a contrary result.

Accordingly, we grant the appellant's peremptory exception. The failure to join an indispensable party to an action may be noticed at the appellate level. [La.Code Civ.P. art.] 645.

*Id*. at 1188 (footnotes omitted). Therefore, we find the statutory law and jurisprudence establish that the Bart Bernard firm and Bart Bernard, as the parties in possession and control of the settlement funds, are indispensable parties in this case.

On remand of these proceedings, the trial court is required to join the Bart Bernard firm and Bart Bernard as indispensable parties for a full and proper adjudication of this entire matter. As set forth earlier, the trial court's finding that Miller & Associates' motion for leave to amend petition to join the Bart Bernard firm as an indispensable party had prescribed is contrary to the law as the failure to join an indispensable party to an action may be noticed at the trial or appellate level. La.Code Civ.P. art. 645.

In its second assignment of error, Miller & Associates argues the trial court legally erred in vacating the discovery judgment signed on November 2, 2020 by Judge Edwards, the former presiding judge. Judge Edwards noted at the hearing on Miller & Associates' Motion to Compel that no documents were produced by Mr. Hebert in response to Miller & Associates' Request for Production of Documents. Mr. Hebert had opposed the request, arguing the information requested was not relevant and that Miller & Associates had no right of action in the intervention and thus was not entitled to conduct discovery. Judge Edwards noted that "Code of Civil Procedure Article 1462 requires either an answer or objection within 30 days, and it appears that neither was filed." A review of the transcript of the hearing on the Motion to Compel established the only basis Mr. Hebert asserted to oppose the motion was the contention that he never knowingly signed a contract with Miller & Associates to represent him in his personal injury case. Concluding that he had "not yet heard why a party to [the] litigation should not be required to respond to a request for production," Judge Edwards granted the Motion to Compel and awarded Miller & Associates costs and attorney fees. The parties were told a judgment would be prepared "and y'all can write on it what you want to be different." No objection to the wording of the judgment was made by Mr. Hebert. Mr. Hebert filed a Notice of Intent to Apply for Supervisory Writs, but chose not to file a writ with this court.

Despite the granting of the Motion to Compel, Mr. Hebert still did not produce any documents to Miller & Associates. Mr. Hebert filed a Response and Objection to the Request for Production of Documents re-urging the same arguments made at the hearing on the Motion to Compel, as well as raising for the first time an additional defense of attorney-client privilege. It was at this stage of the proceedings that Judge Edwards retired from the bench and Judge Garrett became the presiding judge at the beginning of 2021.

Because Mr. Hebert failed to produce any documents disputing the grant of the Motion to Compel, Miller & Associates filed a Motion for Sanctions. No hearing was ever held on the Motion for Sanctions. Instead, after a September 27, 2021 hearing styled as a Status Conference, Judge Garrett concluded Judge Edwards' grant of the Motion to Compel was improper and ordered it vacated. The basis for this ruling was that there was no exclusion in the Motion to Compel for attorney-client privilege and "it was too broad a request."

Miller & Associates notes that on July 2, 2020, Mr. Hebert signed a letter in which he "authorize[d] the release of my ***complete personal injury file*** from Bart Bernard and David Calogero concerning my automobile accident of July 1, 2015 to be given to my attorneys Jacqueline K. Becker and Michael B. Miller at Miller and Associates."[2] (Emphasis added.) Despite that letter from his client, Bart Bernard and his firm did not produce any requested documents. At the hearing on the Motion to Compel, no mention of attorney-client privilege as a defense or objection to the pending discovery pleading was advanced.

Miller & Associates maintains Mr. Hebert's willingness to release his entire personal injury file effectively constituted a waiver of any attorney-client privilege.

---

[2] We note on that same date Mr. Hebert signed a form "giv[ing] my attorneys Jacqueline K. Becker and Michael B. Miller at Miller and Associates permission to provide a copy of my workers' compensation file and my personal injury file arising out of my accident of July 1, 2015 to my attorneys in my third party claim, Bart Bernard and David Calogero." Miller & Associates complied with Mr. Hebert's request and turned its entire file over to Bart Bernard.

Judge Garrett's ruling finding the request was "too broad" was a relief not pled for or otherwise sought. As Miller & Associates points out, La.Code Evid. art. 506 codifies the attorney-client privilege in Louisiana and it states, in pertinent part:

> **B. General rule of privilege.** A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication, when the communication is:
>
> (1) Between the client or a representative of the client and the client's lawyer or a representative of the lawyer.
>
> . . .
>
> (5) Among lawyers and their representatives representing the same client. . . .
>
> . . .
>
> **D. Who may claim privilege.** The privilege may be claimed by the client, the client's agent or legal representative.... The person who was the lawyer or the lawyer's representative at the time of the communication is presumed to have authority to claim the privilege on behalf of the client, former client, or deceased client.

The trial court is not listed as one who can assert the attorney-client privilege and it cannot assert this privilege on behalf of Mr. Hebert.

We note further, after Judge Edwards granted Miller & Associates' Motion to Compel, he stated that all parties were to review the judgment and "write on it what you want to be different." No objection was made to the language of the judgment granting the motion to compel or that the judgment made no reference to attorney-client privilege.

In this case, we have two letters signed by Mr. Hebert allowing each set of attorneys to have access to the complete files compiled by the respective attorneys in the handling of Mr. Hebert's claims. Miller & Associates produced and delivered the entire file accumulated during their representation of Mr. Hebert to the Bart Bernard firm. However, despite the signed letter from Mr. Hebert, as well as the

granted Motion to Compel, Bart Bernard and his firm have not produced and delivered any portion of its file to Miller & Associates. The Louisiana Supreme Court in *Saucier* expressly stated it would not "allow the first attorney to be denied payment of the fee to which he is entitled." *Saucier*, 373 So.2d at 119. The goal, as stated in *Saucier*, is to allow both attorneys the "opportunity to establish his right to receive an appropriate apportionment of the one contingent fee owed by [the client] for legal services rendered in connection with his claim." *Id.*

As noted earlier, Mr. Hebert chose not to file a writ with this court seeking relief from complying with the judgment ordering discovery. Mr. Hebert, through his counsel Bart Bernard, simply chose to ignore the discovery judgment, much as he ignored the presence of the intervenors while negotiating a settlement in the personal injury suit. Such refusal to adhere to a validly issued order of discovery constituted willful disobedience. Judge Garrett's later ruling vacating the order constituted clear error. We reinstate the order granted by Judge Edwards on November 2, 2020 in response to Miller & Associates' Motion to Compel.

In its last assignment of error, Miller & Associates contends the trial court also erred in refusing to allow a hearing on the pending Motion for Sanctions for Bart Bernard and his firm's refusal to comply with the order issued imposing the relief sought in the Motion to Compel. Miller & Associates requests that this court, along with reinstating the order, remand the matter for a hearing on its Motion for Sanctions. In addition to reinstating the order, we hereby remand the matter for a full hearing on the Motion for Sanctions filed by Miller & Associates.

**DECREE**

For the foregoing reasons, the judgment of the trial court finding that Miller & Associates' Motion for Leave to Amend was prescribed is reversed. On remand of this proceeding, the trial court is ordered to join the Bart Bernard Personal Injury Law Firm and Bart Bernard as indispensable parties for a full and proper

adjudication of the attorney fee dispute.  We also reverse the trial court's judgment vacating the discovery order granted on November 2, 2020 by Judge Edwards and reinstate the judgment of November 2, 2020.  On remand, the trial court is instructed to hold a full hearing on Miller & Associates Motion for Sanctions.  Lastly, Bart Bernard and Bart Bernard Personal Injury Law Firm are required to comply with the November 2, 2020 discovery order within thirty (30) days of this decision.  All costs of this appeal are assessed against appellees, Bart Bernard, Bart Bernard Personal Injury Law Firm and Marcus Hebert.

**REVERSED AND REMANDED, WITH INSTRUCTIONS.**